[No. S132191. Mar. 1, 2007.]

GENE MORAN, Plaintiff and Appellant, v.
MURTAUGH MILLER MEYER & NELSON, LLP, et al., Defendants and
Respondents.

**COUNSEL**

Arik Shafir and Evan A. Blair for Plaintiff and Appellant.

Butz, Dunn, DeSantis & Bingham, Kevin V. DeSantis, Steven C. Uribe and Kathleen A. Silhasek for Defendants and Respondents.

**OPINION**

**CORRIGAN, J.**—We limited review to the following issue: In assessing whether a vexatious litigant has a reasonable probability of success on his claim (see Code Civ. Proc., § 391.3),[1] may the trial court weigh the evidence presented on the motion, or must it assume the truth of plaintiff's alleged facts and determine only whether the claim is foreclosed as a matter of law?

■   We conclude the trial court is permitted to weigh the evidence, and we affirm the Court of Appeal's judgment.

---

[1] All further undesignated statutory references are to the Code of Civil Procedure.

## I. FACTUAL AND PROCEDURAL HISTORY

■ A vexatious litigant may be required to furnish security if the trial court determines there is no reasonable probability he or she will prevail. (§§ 391.1, 391.3.)[2] Failure to do so results in dismissal. (§ 391.4.)[3]

The trial court found that plaintiff Gene Moran was a vexatious litigant with no reasonable probability of prevailing and required him to post security. When he did not comply, the court dismissed his suit. The Court of Appeal affirmed.

Plaintiff concedes he is a vexatious litigant.[4]

## II. DISCUSSION

■ The well-settled objective of statutory construction is to ascertain and effectuate legislative intent, giving the words of the statute their usual and ordinary meaning. When the statutory language is clear, we need go no further. If, however, the language supports more than one reasonable interpretation, we look to a variety of extrinsic aids, including the objects to be achieved, the evils to be remedied, legislative history, the statutory scheme of which the statute is a part, contemporaneous administrative construction, and questions of public policy. (*In re Derrick B.* (2006) 39 Cal.4th 535, 539 [47 Cal.Rptr.3d 13, 139 P.3d 485].)

---

[2] Section 391.1 provides: "In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security. The motion must be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he will prevail in the litigation against the moving defendant."

Section 391.3 provides: "If, after hearing the evidence upon the motion, the court determines that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant, the court shall order the plaintiff to furnish, for the benefit of the moving defendant, security in such amount and within such time as the court shall fix."

[3] Section 391.4 provides: "When security that has been ordered furnished is not furnished as ordered, the litigation shall be dismissed as to the defendant for whose benefit it was ordered furnished."

[4] In section 391, subdivision (b)(1), a " 'Vexatious litigant' " is defined as one who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing."

Defendant contends the statutory language here clearly empowers the trial court to weigh the evidence when deciding whether to require security. "At the hearing upon such motion the court *shall consider such evidence*, written or oral, by witnesses or affidavit, as may be material to the ground of the motion." (§ 391.2, italics added.) "If, *after hearing the evidence upon the motion, the court determines* that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant, the court shall order the plaintiff to furnish, for the benefit of the moving defendant, security in such amount and within such time as the court shall fix." (§ 391.3, italics added.)

The statutory language arguably supports more than one reasonable interpretation. Plaintiff notes that we construed analogous language governing anti-SLAPP (strategic lawsuit against public participation) motions to preclude weighing and to require only a prima facie showing. (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821 [123 Cal.Rptr.2d 19, 50 P.3d 733], construing § 425.16, subd. (b).[5])

The question whether the statutory language here permits the weighing of evidence may be resolved by reference to *Beyerbach v. Juno Oil Co.* (1954) 42 Cal.2d 11 [265 P.2d 1] (*Beyerbach*). There we construed the security provisions applicable to shareholders' derivative suits under former section 834 (now section 800) of the Corporations Code. When Beyerbach failed to deposit security as ordered, his action was dismissed. (42 Cal.2d at p. 16.) On appeal, he claimed that the defendants had failed to demonstrate it was not reasonably probable that prosecution of the action would benefit the corporation or its shareholders. Rejecting the claim, we stated that the trial court was permitted to weigh the evidence. "The evidence on this matter is conflicting. 'It is for the trial court to weigh the evidence and its finding, based upon

---

[5] Section 425.16, subdivision (b) provides:

"(1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

"(2) In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

"(3) If the court determines that the plaintiff has established a probability that he or she will prevail on the claim, neither that determination nor the fact of that determination shall be admissible in evidence at any later stage of the case, or in any subsequent action, and no burden of proof or degree of proof otherwise applicable shall be affected by that determination in any later stage of the case or in any subsequent proceeding."

substantial conflicting evidence, is in this as in every civil case binding upon the appellate court.' [Citation.]" (*Id.* at pp. 24–25, fn. omitted.)

■ "Where . . . legislation has been judicially construed and a subsequent statute on the same or an analogous subject uses identical or substantially similar language, we may presume that the Legislature intended the same construction, unless a contrary intent clearly appears." (*Estate of Griswold* (2001) 25 Cal.4th 904, 915–916 [108 Cal.Rptr.2d 165, 24 P.3d 1191].)

The vexatious litigant statute was enacted nine years after *Beyerbach, supra*, 42 Cal.2d 11,[6] and was modeled in part on former section 834 of the Corporations Code. (*Singh v. Lipworth* (2005) 132 Cal.App.4th 40, 45–46 [33 Cal.Rptr.3d 178]; *Wolfgram v. Wells Fargo Bank* (1997) 53 Cal.App.4th 43, 48 [61 Cal.Rptr.2d 694]; *Taliaferro v. Hoogs* (1965) 236 Cal.App.2d 521, 526 [46 Cal.Rptr. 147].) Their security provisions are virtually identical. Under former section 834, subdivision (b)(1), the plaintiff in a shareholders' derivative action could be required to post security if the defendant established there was "no reasonable probability that the prosecution of the cause of action . . . will benefit the corporation or its security holders." (Added by Stats. 1949, ch. 499, § 1, pp. 857, 858.) Similarly, in a vexatious litigant proceeding, security may be required if the court determines there is "no reasonable probability that the plaintiff will prevail" in the litigation. (§ 391.3.) Under Corporations Code former section 834, subdivision (b)(2), a ruling on a security motion in a shareholders' derivative action was based on "such evidence, written or oral, by witnesses or affidavit, as may be material . . . ." (Stats. 1949, ch. 499, § 1, pp. 857, 858.) Section 391.2 uses identical language. Both former section 834, subdivision (b)(2) of the Corporations Code and section 391.3 speak of the court's "determin[ing]" the security motion after "hearing the evidence."

■ Because the language of the vexatious litigant statute derives from and closely tracks the provisions construed in *Beyerbach, supra*, 42 Cal.2d 11, that decision controls this case.[7]

---

[6] Added by Statutes 1963, chapter 1471, section 1, pages 3038–3039.

[7] In *Muller v. Tanner* (1969) 2 Cal.App.3d 445 [82 Cal.Rptr. 738], the Court of Appeal followed *Beyerbach, supra*, 42 Cal.2d 11, in construing the security provisions of the vexatious litigant statute. (*Muller*, at pp. 464–465.) However, in *Devereaux v. Latham & Watkins* (1995) 32 Cal.App.4th 1571 [38 Cal.Rptr.2d 849], the Court of Appeal reached a different conclusion: "[T]o satisfy its burden of showing that the plaintiff has no reasonable probability of prevailing, the defendant must show that the plaintiff's recovery is foreclosed as a matter of law or that there are insufficient facts to support recovery by the plaintiff on its legal theories, even if all the plaintiff's facts are credited." (*Id.* at pp. 1582–1583.) We disapprove *Devereaux v. Latham & Watkins, supra*, 32 Cal.App.4th 1571, insofar as it is inconsistent with this opinion.

■ Moreover, statutory analysis confirms that the court performs an evaluative function in the section 391.1 hearing. The court is required to decide not only whether the plaintiff has a reasonable probability of prevailing, but also whether the plaintiff is a vexatious litigant. Section 391, subdivision (b) identifies the factors that may be considered in making the latter determination, and some of these factors require the trial court to weigh the evidence. For example, the court may determine that the plaintiff is a vexatious litigant on the basis of a normative conclusion that, in any litigation, the plaintiff has engaged in "unnecessary" discovery or "other tactics that are frivolous or solely intended to cause unnecessary delay." (§ 391, subd. (b)(3).)

■ Plaintiff contends that permitting a trial court to weigh the evidence denies a vexatious litigant his right to a jury trial under article 1, section 16 of the California Constitution. This contention lacks merit. A section 391.1 motion does not terminate an action as does the sustaining of a demurrer. To the contrary, section 391.2 expressly states: "No determination made by the court in determining or ruling upon the motion shall be or be deemed to be a determination of any issue in the litigation or of the merits thereof." The grant of a section 391.1 motion does not preclude a trial; it merely requires a plaintiff to post security.

Next, plaintiff contends that section 391.2 unconstitutionally discriminates against vexatious litigants of "modest means."[8] We rejected a similar challenge to former section 834 of the Corporations Code. "[I]f plaintiff's argument in this respect were accepted then any statute which required the payment of a fee or the furnishing of security as a prerequisite to the filing of a complaint, the issuance or levying of a writ, the procurement of a record on appeal, etc., would be unconstitutional." (*Beyerbach, supra,* 42 Cal.2d at p. 20.)

Plaintiff contends that a vexatious litigant will be denied due process if the trial court is permitted to weigh the evidence on a security motion because the mere *allegations* of the complaint will necessarily be outweighed by *declarations* filed in support of the security motion. This contention ignores the common process that was followed here: Plaintiff filed a nine-page declaration in opposition to the security motion.

Plaintiff's remaining arguments are not responsive to the limited question we are considering.

---

[8] Plaintiff is employed as a paralegal, and does not assert that he is indigent.

III.   Disposition

The judgment of the Court of Appeal is affirmed.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Moreno, J., concurred.