FILED

SEP 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELONZA JESSE TYLER, | No. 11-16673 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-02222-ODW |
| v. | |
| MIKE KNOWLES; LORI JOHNSON, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Otis D. Wright, II, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Elonza Jesse Tyler, a California state prisoner, appeals pro se from the

district court's judgment dismissing his action for failure to provide security in the

amount of $850 after having been declared a vexatious litigant.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (dismissal pursuant to local rules)*; De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) (vexatious litigant pre-filing review orders). We vacate and remand.

Although the district court found that Tyler met the definition of a vexatious litigant under California law and the local rules of court, *see* Cal. Civ. Proc. Code § 391(b)(1)(i) (West 2012); E.D. Cal. R. 65.1-151(b), federal law requires that pre-filing review orders imposed on vexatious litigants must be "narrowly tailored to the plaintiff's claimed abuses," and before entering such an order, the district court is required to make "explicit substantive findings as to the frivolousness or harassing nature of the plaintiff's filings." *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990) (reversing pre-filing review order that was not narrowly tailored and where district court failed to make necessary findings). In this case, the pre-filing review order is not narrowly tailored; it requires Tyler to "seek leave of the presiding judge before filing new litigation." The record does not provide a sufficient basis to affirm either the imposition of such a broad pre-filing review order, or the district court's determination that plaintiff had no reasonable probability of prevailing in the context of imposing security. *See De Long*, 912 F.2d at 1147-49 (noting that pre-filing orders should be applied only in exigent

circumstances, and setting forth procedural and substantive guidelines to apply before ordering pre-filing restrictions); *Moran v. Muraugh Miller Meyer & Nelson, LLP*, 152 P.3d 416, 418-19 (Cal. 2007) (security may be required if the trial court, after weighing the evidence, determines that there is no reasonable probability plaintiff will prevail).

Accordingly, we vacate the district court's imposition of a pre-filing review order and security, as well as its order of dismissal that was premised on Tyler's failure to provide security. We remand for the district court to make the requisite findings in the first instance.

Appellees shall bear the costs on appeal.

**VACATED and REMANDED.**