Filed 3/18/14  Razavi v. Evergreen School Dist. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MELINA RAZAVI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>EVERGREEN SCHOOL DISTRICT et al.,<br><br>    Defendants and Respondents. |  H038067<br>(Santa Clara County<br> Super. Ct. No. 1-09-CV132622) |

**INTRODUCTION**

Plaintiff Melina Razavi appeals a judgment of dismissal after the trial court determined her to be a vexatious litigant under Code of Civil Procedure section 391, subdivision (b)(1)[1] and failed to post a bond to continue the litigation under sections 391.3 and 391.4.  On appeal, Razavi argues that the trial court erred by (1) declaring her a vexatious litigant, (2) determining that she did not have a reasonable probability of prevailing on her claims and ordering her to post a bond, (3) dismissing her case after she did not post a bond, and (4) denying her motion for leave to amend her complaint.  We will affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Razavi was a substitute teacher for Evergreen School District (the School District).  She claimed that during the time she worked at the School District, she suffered from a physical disability; "namely a speech disability consisting of loss of control over nerves

---

[1] Further statutory references are to the Code of Civil Procedure.

and muscles in plaintiff's mouth which is a permanent injury . . . ." Razavi claims that in January 2007, while at work, Nancy Borelli, a School District employee, blew a whistle in her ear and caused damage to the ear. Razavi alleges that Borelli blew the whistle because of Razavi's physical disabilities. Razavi went to Jeff Smith, the school's principal and a School District employee, who "refused to make any reasonable accommodations for plaintiff's disability," "recommended that no accommodations be made," and recommended that Razavi be immediately terminated because of her disability. Razavi alleged that the School District terminated her because she had a physical disability and a mental condition.

Razavi has a lengthy litigation history in state and federal courts. Since June 23, 2004, she had filed a total of 16 lawsuits.[2] In all 16 lawsuits, she acted in propria persona at some stage of the litigation. Each of these cases resulted in dismissal of the case.

---

[2] The following are Razavi's 16 lawsuits:

(1) *Razavi v. Holland et al.* (U.S. District Court Cal. Northern Dist., San Jose Division, 2004, No. 5:04-CV-02515); (2) *Razavi v. Berryessa School District* (Sup. Ct. Santa Clara County, 2005, No. 1-05-CV-041263); (3) *Razavi v. Razavi et al.* (U.S. District Court Cal. Northern Dist., San Jose Division, 2005, No. 5:05-CV-05-05298); (4) *Razavi v. Haefer et al.* (U.S. District Court Cal. Northern Dist., San Jose Division, 2006, No. 5:06-CV-06-00473); (5) *Razavi v. Thai et al.* (Sup. Ct. Santa Clara County, 2006, No. 1-06-CV-067223); (6) *Razavi v. London* (Sup. Ct. Santa Clara County, 2008, No. 1-08-CV-107033); (7) *Razavi v. San Jose Unified School District et al.* (Sup. Ct. Santa Clara County, 2008, No. 1-08-CV-108224); (8) *Razavi v. Barnes* (Sup. Ct. Santa Clara County, 2008, No. 1-08-CV-117197); (9) *Razavi v. Siddiq et al.* (Sup. Ct. Santa Clara County, 2008, No. 1-08-CV-126275); (10) *Razavi v. Nguyen et al.* (U.S. District Court Cal. Northern Dist., San Jose Division, 2008, No. 5:08-CV-08-05552); (11) *Razavi v. Nikkah et al.* (Sup. Ct. Santa Clara County, 2008, No. 1-08-CV-130162); (12) *Razavi v. Smith et al.* (Sup. Ct. Santa Clara County, 2009, No. 1-09-CV-147460); (13) *Razavi v. Cooke et al.* (Sup. Ct. Santa Clara County, 2009, No. 1-09-CV-156151); (14) *Razavi v. Veprek et al.* (Sup. Ct. Santa Clara County, 2010, No. 1-10-CV-171863); (15) *Razavi v. Smith et al.* (Sup. Ct. Santa Clara County, 2010, No. 1-10-CV-171984); (16) *Razavi v. Cooke et al.* (Sup. Ct. Santa Clara County, 2010, No. 1-10-CV-173837).

Three of those previous cases involved employment actions, where, as here, Razavi alleged discrimination and wrongful termination against former employers.

In this case, Razavi filed a discrimination complaint with the Department of Fair Employment and Housing (DFEH) on January 18, 2008. In the DFEH complaint, Razavi claimed that she was "fired" due to her "physical disability." She stated that after learning of her speech disability, Borelli blew a whistle in her ear "to humiliate [her]." She also stated that after she reported the incident to Smith, he retaliated by reporting Razavi to the School District. The School District then terminated her. After she filed her DFEH complaint, Razavi received a "right-to-sue" notice.

On January 16, 2009, Razavi filed the civil action, in propria persona. On September 4, 2009, she filed an amended complaint alleging disability discrimination and wrongful termination brought under California Fair Employment and Housing Act (FEHA), Government Code section 12940, subdivision (a).

In July 2011, defendants filed a motion to designate Razavi a vexatious litigant based on her litigation history, and they requested an order requiring Razavi to post a security bond pursuant to section 391 et seq.

In August 2011, Razavi filed a motion for leave to amend her complaint to add causes of action for battery and negligence, arguing that those claims were "based on the same general set of facts as the previous pleadings."

On August 25, 2011, the trial court heard both the vexatious litigant motion and the motion for leave to amend the complaint. On August 30, 2011, the court denied Razavi's motion for leave to amend her complaint. The court found that Razavi did not file a government claim that gave sufficient notice that she was alleging battery and negligence causes of action against the School District and that she failed to substantially comply with the requirements set forth in Government Code section 910 to file a valid claim. In the same order, the court granted defendants' motion, deeming Razavi a vexatious litigant. The court found that the "proof is ample that plaintiff has

3

'commenced, prosecuted *or* maintained' litigations sufficient to qualify her as a vexatious litigant." Additionally, the court found that she did not have a reasonable probability of prevailing against defendants and ordered Razavi to post a bond in the amount of $3,500 within 15 days of the court's order. The notice of entry of the trial court's order was served on September 2, 2011.

On September 30, 2011, defendants filed a motion to dismiss on the ground that Razavi failed to post the $3,500 bond (§ 391.4). On January 20, 2012, the trial court dismissed Razavi's case for her failure to post the bond. A notice of entry of the order granting the motion to dismiss was served on January 26, 2011. Razavi subsequently filed a timely notice of appeal on March 16, 2012.

## DISCUSSION

### A. *Notice of Appeal*

Although not raised in the parties' briefs, we must address the deficiencies in the notice of appeal. Razavi's notice of appeal states she is appealing an "order after judgment under Code of Civil Procedure section 904.1(a)(2)." Neither the order granting defendants' motion to dismiss or the order denying leave to amend and designating Razavi a vexatious litigant is an order after judgment. However, she specifies that the date of the judgment was January 20, 2012. The civil case information statement also misidentifies the orders she wishes to appeal as an "order or judgment under Code Civ. Proc., § 904.1(a)(3)-(13)." However, like the notice of appeal, the civil case information statement mentions that the challenged judgment was entered on January 20, 2012. It also states that the notice of entry was served on January 25, 2012. Additionally, attached to the civil case information statement are: (1) the order granting motion to dismiss filed on January 20, 2012, and (2) the order denying plaintiff's motion for leave to amend the first amended complaint and granting defendant's motion to designate plaintiff a vexatious litigant.

4

"The notice of appeal must be liberally construed.  The notice is sufficient if it identifies the particular judgment or order being appealed."  (Cal. Rules of Court, rule 8.100(a)(2); *Luz v. Lopes* (1960) 55 Cal.2d 54, 59 (*Luz*) ["notices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced."].)  Despite the deficiencies of the notice of appeal, Razavi specified that the date of the order was January 20, 2012.  The record on appeal reflects that the only document filed on January 20, 2012, was the order granting motion to dismiss.  We thus conclude that it was "reasonably clear" that she was trying to appeal from the order of dismissal and the order denying leave to amend and designating Razavi a vexatious litigant.  (*Luz*, *supra*, at p. 59.)

## B. Defendants' Motion to Strike Plaintiff's Opening Brief

Defendants move to strike the entirety of the opening brief or portions of the opening brief because it fails "to cite to the appellate record within the 30-page legal argument section of the brief," in violation of California Rules of Court, rule 8.204(a)(1)(C).  We agree that the opening brief is defective.  Although the "Statement of Facts" and "Procedural History" sections contain citations to the record, the "Argument" section fails to include a single citation to the record.

An appellant must affirmatively show error.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  In order to do so, the appellant must provide the court with an adequate record that demonstrates what the trial court did and the alleged error.  (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.)  "We are not required to search the record to ascertain whether it contains support for [plaintiff's] contentions."  (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545.)  Where no record references are made we may treat a point as waived and pass it without consideration.  (*Troensegaard v. Silvercrest Industries, Inc.* (1985) 175 Cal.App.3d 218, 229.)

Additionally, Razavi provides only minimal citation to case authority to support her arguments. On appeal, the appellant has the obligation to direct the court to authority that supports the arguments in support of his or her position. If none is furnished, the court may consider the argument waived. (*People v. Stanley* (1995) 10 Cal.4th 764, 793.)

Given Razavi's insufficient citations to the record or authority, we are not obligated to consider the merits of each of Razavi's claims independently. (See *State Comp. Ins. Fund v. WallDesign Inc.* (2011) 199 Cal.App.4th 1525, 1528-1529, fn. 1.) However, in spite of the failures in the briefing, we will exercise our discretion to review Razavi's contentions on appeal. (Cal. Rules of Court, rule 8.204(e)(2)(C).)

## C. *Razavi's Contentions on Appeal*

On appeal, Razavi contends that the trial court erred in (1) designating her a vexatious litigant, (2) ordering her to pay a bond to continue the litigation, (3) dismissing the action for failure to pay the bond, and (4) denying her leave to amend the complaint.

### 1. Order Designating Razavi a Vexatious Litigant

Razavi argues that the court erred in designating her a vexatious litigant under section 391, subdivision (b)(1). She asserts that except for three cases, she was not acting in propria persona in her previous litigations. Rather, she claims she was represented by an attorney. Razavi also contends that none of her prior lawsuits were determined adversely to her. Lastly, she claims that declaring her a vexatious litigant would not achieve the vexatious litigant statute's policy goals.

"We review the trial court's ruling that plaintiff is a vexatious litigant for substantial evidence. [Citation.] Because the trial court is best situated to receive evidence and hold hearings on the question of whether a litigant is vexatious, on appeal, we are required to presume the order declaring a litigant vexatious is correct and to imply findings necessary to support that designation. [Citation.] Of course, we can only imply such findings where there is evidence to support them. Where there is insufficient

6

evidence to imply findings in support of the designation, reversal is required." (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 969.)

In support of their motion to designate Razavi a vexatious litigant, defendants requested judicial notice of 33 exhibits demonstrating that in the seven years preceding the filing of the vexatious litigant motion, Razavi filed 12 civil unlimited cases in Santa Clara County Superior Court and four cases in the Northern District Court of California.[3] The exhibits included the complaint, the civil docket, and the order of dismissal in each of these cases. These documents showed that in 15 cases, Razavi filed the complaint in propria persona, and in one case, the trial court's order of dismissal stated that "Plaintiff is *in pro per*." The exhibits also showed that all 16 cases resulted in dismissal. Based on Razavi's litigation history, defendants requested that the trial court designate her a vexatious litigant as defined under section 391, subdivision (b)(1).

In opposition, Razavi did not contest the evidence of the 16 lawsuits she had filed in the preceding seven years. Nor did she submit evidence to dispute her litigation history. Rather, Razavi provided her own declaration to support her assertion that she was represented by counsel in the majority of her previous cases. She did not offer any other evidence showing that she was actually represented by counsel.

The trial court granted defendants' motion and declared Razavi a vexatious litigant under section 391, subdivision (b)(1). In its order, the court noted that Razavi "does not dispute that she has brought far more than the required five litigations in the past seven years and that at least five have been determined adversely to her." The court found that "[t]he proof is ample that plaintiff has 'commenced, prosecuted *or* maintained' litigations sufficient to qualify her as a vexatious litigant."

---

[3] Although the trial court did not expressly rule on the request for judicial notice, it clearly did take notice of the documents demonstrating plaintiff's 16 prior lawsuits. Plaintiff did not contest the request for judicial notice at the trial court, nor does she contest it on appeal.

7

Section 391, subdivision (b)(1), defines several categories of vexatious litigants, including one who, "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing." "Litigation" is broadly defined as "any civil action or proceeding, commenced, maintained or pending in any state or federal court." (*Id*., subd. (a).)

"The vexatious litigant statute is designed not only to protect opposing parties harassed by meritless lawsuits, but also to conserve court time and resources and protect the interests of other litigants who are waiting for their legal cases to be processed through the courts." (*In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 1005.)

Here, substantial evidence supports that Razavi "commenced, maintained or prosecuted" 16 previous lawsuits in propria persona in the seven years preceding the filing of the vexatious litigant motion. (§ 391, subd. (b)(1).) Specifically, the exhibits defendants submitted in support of their motion established that Razavi filed the complaint in propria persona in 15 cases, and in one case, the trial court stated on record that she was acting in propria persona. Razavi contends that she was "represented by counsel in the majority of the cases she has brought." However, other than her self-serving declaration, she offered no evidence to support her claim or to contradict the evidence offered by defendants. Accordingly, the record demonstrates that she had *commenced* 15 cases in propria persona and had *maintained* one case in propria persona.

Although Razavi argues that she was represented by an attorney in the majority of her previous litigations, it appears that she only contends that an attorney had represented her at various points in each litigation. She does not claim that an attorney represented her in the litigation from start to finish. The Legislature's use of the disjunctive "or" in section 391, subdivision (b)(1) plainly indicates its intent to deem as a "vexatious

8

litigant" any person who has commenced *or* prosecuted *or* maintained in propria persona "at least five litigations other than in a small claims court that have been . . . finally determined adversely to [that] person." Razavi cites no authority to the contrary. We thus construe section 391, subdivision (b)(1) to mean that any person who has commenced or maintained in propria persona at least five such litigations meets the vexatious litigant criteria set forth in section 391, subdivision (b)(1), even if that person was represented by counsel at some point during the litigation.

Furthermore, all 16 previous cases were determined adversely to Razavi. The record supports and Razavi admits that all 16 cases were dismissed. A dismissal of a case is generally considered a final determination that is adverse to the litigant. (See *Tokerud v. Capitolbank Sacramento* (1995) 38 Cal.App.4th 775, 779 [determining that an action that is dismissed by the plaintiff, with or without prejudice, is an action that was finally determined adverse to the plaintiff].) Thus, substantial evidence supports that all previous litigations were "finally determined adversely" to her. (§ 391, subd. (b)(1).)

Lastly, given Razavi's lengthy litigation history, we conclude that designating Razavi a vexatious litigant comports with the statute's purpose of "conserv[ing] court time and resources and protect[ing] the interests of other litigants who are waiting for their legal cases to be processed through the courts." (*In re Marriage of Falcone & Fyke*, *supra*, 203 Cal.App.4th at p. 1005.) Accordingly, we conclude that substantial evidence supports the trial court's designation of Razavi as a vexatious litigant under section 391, subdivision (b)(1).

### 2. Requirement to Pay Security Bond

Next, Razavi argues that the trial court erred in ordering her to pay a security bond under section 391.3 because she had a reasonable probability of prevailing on her claim. She contends that she is able to provide testimony and evidence that demonstrate she had a reasonable probability of prevailing.

9

A trial court may order a vexatious litigant to post a bond as a condition of prosecuting a pending lawsuit if it determines "there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant . . . ." (§ 391.3, subd. (a).) We review a trial court's determination on whether the vexatious litigant has a reasonable chance of prevailing on a substantial evidence standard of review. (*Moran v. Murtaugh Miller Meyer & Nelson*, *LLP* (2007) 40 Cal.4th 780, 784-786 (*Moran*).)

In their moving papers, defendants submitted evidence showing that Razavi had no reasonable probability of prevailing on her disability discrimination claim[4] because Razavi was not disabled, and even if she were disabled, there was no evidence to show that defendants knew of such disabilities. Defendants attached the declarations of Jeff Smith, Nancy Borelli, and Will Ector (the director of human resources), which stated that they did not know Razavi had a disability. Defendants also submitted a portion of Razavi's deposition transcript, in which she stated that a doctor has never declared her permanently disabled. Additionally, defendants included copies of Razavi's health history and job application, in which she did not indicate she had a disability. The job application specifically asked: "Are you able to perform all of the tasks of teaching with or without an accommodation?" Razavi checked the answer, "Yes."

Defendants also disputed Razavi's retaliation claim. They presented evidence that the reason she was not offered assignments as a substitute teacher was because of her performance. They further claimed that because she was never guaranteed a certain number of teaching assignments, the lack of assignments could not form the basis of a retaliation claim. Defendants submitted portions of Razavi's deposition transcript, in which she recounted an incident where she left students out in the playground.

---

[4] Razavi's discrimination claim under Government Code section 12940, subdivision (a) prohibits an employer from discharging a person from employment because of a physical disability or a medical condition.

10

Defendants also submitted the declaration of Will Ector, who established that Razavi was an "on-call substitute teacher"; she "has never entered into any type of contractual relationship with Evergreen School District"; and she was "never guaranteed . . . a minimum number of substitute teaching assignments."

In response, Razavi submitted medical records that showed she suffered from and was being treated for disabilities.

After reviewing the parties' evidence, the trial court found that Razavi had no reasonable probability in prevailing in her action.

Section 391.3 provides: " 'If, *after hearing the evidence upon the motion*, *the court determines* that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant, the court shall order the plaintiff to furnish, for the benefit of the moving defendant, security in such amount and within such time as the court shall fix.' " (*Moran*, *supra*, 40 Cal.4th at p. 784.) In determining whether a plaintiff has no reasonable probability of prevailing in a litigation against a moving defendant, the trial court may weigh evidence presented on the motion. The court is not required to assume the truth of the plaintiff's alleged facts. (*Id*. at p. 782.) "If there is any substantial evidence to support the [trial] court's determination, it will be upheld." (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 636.)

In this case, defendants' evidence established that Razavi failed to notify her employers about her disability. The evidence also showed that she was an on-call substitute teacher and that she was not guaranteed a certain number of assignments. The evidence thus refuted her discrimination and wrongful termination claims. Although Razavi asserted that she had evidence that she informed her employers about her disability, she did not submit this evidence with her opposition papers. The trial court was also not required to accept the truth of these claims. (*Moran*, *supra*, 40 Cal.4th at p. 782.) Moreover, Razavi's litigation history supports the trial court's conclusion that there

11

was no reasonable probability that she would prevail in her lawsuit. Significantly, in three of the previously filed cases, Razavi made similar discrimination and wrongful termination claims against former employers. Those three cases, like all of her other cases, were "finally determined adversely" to her (§ 391, subd. (b)(1)). Thus, there was substantial evidence to support the trial court's finding that Razavi had no reasonable probability of prevailing in her claims against defendants. As such, the court properly ordered Razavi to pay a $3,500 security bond.

### 3. Dismissal of the Action

Next, Razavi argues that the trial court's order of dismissal for failure to pay the bond should be reversed. She contends that it was "inequitable" to require her to pay the bond and that the dismissal of the action "was not within the spirit and purpose of the vexatious litigant statute."

Under section 391.4, "[w]hen security that has been ordered furnished is not furnished as ordered, the litigation shall be dismissed as to the defendant for whose benefit it was ordered furnished."

In this instance, the trial court ordered Razavi to pay $3,500 within 15 days of the order designating her a vexatious litigant. Razavi then failed to furnish the security bond. Under section 391.4, the trial court was thus *required* to dismiss the case because she failed to furnish the bond pursuant to the court's order. We therefore conclude that the trial court appropriately dismissed Razavi's case. Furthermore, we find that the dismissal of Razavi's action comports with the spirit and purpose of the vexatious litigant statute. Given Razavi's litigation history, requiring her to post a bond in order to proceed in this action and the subsequent dismissal for her failure to post the bond furthers the vexatious

12

litigant statute's purpose of conserving the court's time and resources.  (See *In re Marriage of Falcone & Fyke*, *supra*, 203 Cal.App.4th at p. 1005.)[5]

## DISPOSITION

The motion to strike plaintiff's opening brief is denied.  The judgment is affirmed. Defendants are awarded their costs on appeal.

---

Premo, J.

WE CONCUR:

---

Rushing, P.J.

---

Elia, J.

---

[5] Because we determine that the trial court properly dismissed the action based on Razavi's failure to post a bond, we need not determine whether the court properly denied the motion to amend the complaint.