Filed 5/26/26

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re N.S., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B342991 (Super. Ct. No. 23JV00166-E) (Santa Barbara County) |
| THE PEOPLE,    Plaintiff and Respondent, v. N.S.,    Defendant and Appellant. | |

N.S. admitted to having committed three offenses in three separate juvenile wardship petitions at the same hearing. (Welf. & Inst. Code, § 602, subd. (a).)[1] The juvenile court committed appellant to a Secure Youth Treatment Facility (SYTF) based on the only qualifying section 707, subdivision (b) offense—assault by means of force likely to produce great bodily injury. But that

---

[1] All further undesignated statutory references are to the Welfare and Institutions Code.

offense was not the "most recent offense" for which he had been adjudicated. Appellant contends, based upon the "most recent offense" rule, and the People concede, that the juvenile court lacked authority to commit appellant to a SYTF. The parties adhere to the strict letter of the law. We will therefore reverse the juvenile court's commitment order and remand for a new dispositional hearing.

*Section 602 Petitions*

<u>Case No. 23JV00166-C</u>

On January 17, 2024, the Santa Barbara County District Attorney filed a juvenile wardship petition (C Petition) charging appellant, a 15-year-old minor, with two counts of forcible rape. (Pen. Code, § 261, subd. (a)(2), counts 1 & 2.) On August 19, 2024, the district attorney filed an amended petition adding a new allegation that appellant committed sexual battery by restraint. (Pen. Code, § 243.4, subd. (a), count 3.) The offense date is December 17, 2023. This is the alleged "most recent offense."

<u>Case No. 23JV00166-D</u>

A week later, the Santa Barbara District Attorney filed a second petition (D Petition) charging appellant with two counts of forcible rape (Pen. Code, § 261, subd. (a)(2), counts 1 & 2) and two counts of false imprisonment by violence (Pen. Code, § 236, counts 3 & 4). On August 19, 2024, it filed an amended petition adding a new allegation that appellant committed a lewd or lascivious act upon a child (Pen. Code, § 288, subd. (a), count 5). The offense date is March 3, 2023.

<u>Case No. 23JV00166-E</u>

On January 24, 2024, the district attorney filed yet a third petition (E Petition) charging appellant with attempted forcible

rape (Pen. Code, §§ 664/261, subd. (a)(2), count 1) and assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4), count 2).  The offense date for these offenses is June 9, 2023.

*Change of Plea and Dispositional Hearing*

On August 22, 2024, appellant admitted the following offenses: sexual battery by restraint (Pen. Code, § 243.4, subd. (a), count 3) on December 17, 2023 (C Petition); lewd or lascivious act upon a child (Pen. Code, § 288, subd. (a), count 5) on March 3, 2023 (D Petition); and assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4), count 2) on June 9, 2023 (E Petition).  All remaining counts were dismissed.

On November 1, 2024, after conducting a contested disposition hearing, the juvenile court ordered probation and time served of 295 days for the C and D Petitions.  After hearing further argument, the juvenile court considered disposition of the E Petition.  It ordered appellant committed to a SYTF pursuant to the adjudication of the E petition with a baseline term of three years.

*Discussion*

Section 875 authorizes a juvenile court to order a ward who is 14 years of age or older to be committed to a SYTF if certain criteria are met.  (§ 875, subd. (a).)  Two criteria are relevant here: (1) the juvenile must be adjudicated and found to be a ward of the court based on an offense listed in section 707, subdivision (b); and (2) the relevant adjudication must be "the most recent offense for which the juvenile has been adjudicated."  (§ 875, subds. (a)(1) & (a)(2).)

Prior to the enactment of section 875, our Supreme Court interpreted similar language in section 733, subdivision (c).

3

Section 733, subdivision (c) prohibits a ward's commitment to the Department of Corrections and Rehabilitation, Division of Juvenile Facilities (DJF) if the ward's "most recent offense alleged in any petition and admitted or found to be true by the court is not described in" section 707, subdivision (b) or Penal Code, section 290.008, subdivision (c). The Court held this language "is clear and lends itself to only one reasonable interpretation." (*In re D.B.* (2014) 58 Cal.4th 941, 947.) The phrase " 'most recent' " describes when the minor committed the offense, not when the petition is adjudicated. (*Ibid; see also In re B.J.* (2020) 49 Cal.App.5th 646, 648.)

Because the Legislature used language in section 875 that is substantially similar to the language our Supreme Court had already interpreted in section 733, subdivision (c), we presume the Legislature intended the same construction. (See *Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 785.) Now, instead of a DJF commitment, eligible youth can be committed to a SYTF if their most recent offense is described in section 707, subdivision (b).

Although assault by means of force likely to produce great bodily injury is an offense listed in section 707, subdivision (b), the juvenile court was not authorized to commit appellant to a SYTF because his "most recent offense," sexual battery by restraint, is not an offense listed in section 707, subdivision (b). Remand is therefore necessary to permit the juvenile court to conduct a new dispositional hearing.

### *Disposition*

The juvenile court's order committing appellant to a Secured Youth Treatment Facility is reversed and the matter is remanded for a new dispositional hearing.

4

CERTIFIED FOR PUBLICATION.

YEGAN, Acting P. J.

We concur:

BALTODANO, J.

CODY, J.

YEGAN, A.P.J., concurring:

We have honored the parties' stipulation, reverse, and remand for a new disposition hearing.  I continue to believe that the result is absurd and results in a miscarriage of justice.  We are supposed to guard against a miscarriage of justice, not help to create one.  The Legislature should revisit the "most recent offense" rule.  (See *In re B.J.* (2020) 49 Cal.App.5th 646 (conc. opn. of Yegan, J.).)  B.E. Witkin advises us to notify the Legislature of any suggestion or "desirable reforming" of the law.  (See Witkin, Manual on Appellate Court Opinions (1997) § 381, pp. 160-162.)  We do so by this short, published opinion.

<u>CERTIFIED FOR PUBLICATION</u>.


YEGAN, Acting P.J.

Gustavo E. Lavayen, Judge
Superior Court County of Santa Barbara
_____

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Stephen D. Svetich, Deputy Attorney General, for Plaintiff and Respondent.