Filed 6/23/26  In re A.C. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION SIX

| | |
|---|---|
| In re A.C., a Person Coming Under the Juvenile Court Law. | 2d Crim. No. B345856 (Cons. w/ B345858) (Super. Ct. No. 24JV-00152A and 24JV-00152B) (San Luis Obispo County) |
| THE PEOPLE,  Plaintiff and Respondent,  v.  A.C.,  Defendant and Appellant. | |

A.C., a minor, was found to have committed assault with force likely to produce great bodily injury, carrying a concealed, loaded firearm, evading an officer, and resisting an officer.  The juvenile court committed appellant to a Secure Youth Treatment Facility.  Appellant asserts the juvenile court lacked authority to

do so.  The Attorney General agrees.  We do as well and will remand for a new disposition hearing.

FACTUAL AND PROCEDURAL BACKGROUND

On January 17, 2024, the Santa Barbara County District Attorney filed a petition under Welfare and Institutions Code section 602[1] alleging that on October 21, 2023, appellant, a minor, committed an unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a)), evading an officer (*id*., § 2800.2, subd. (a)), resisting police (Pen. Code, § 148, subd. (a)(1)), and driving without a license (Veh. Code, § 12500, subd. (a)).

On March 21, 2024, the Santa Barbara County District Attorney filed a petition under section 602 alleging appellant committed eight counts of criminal conduct on March 13, a ninth count occurring on February 19, and a tenth count on January 1.

On July 30, 2024, the Santa Barbara County District Attorney filed a petition under section 602 alleging that on July 26, appellant violated the Penal Code by carrying a concealed, loaded firearm (Pen. Code, § 25400, subd. (a)(2)), large capacity magazine activity (*id*., § 32310, subd. (a)), misdemeanor possession of live ammunition by a minor (*id*., § 29650), and misdemeanor resisting an officer (*id*., § 148, subd. (a)(1)).

On August 26, 2024, appellant admitted to carrying a concealed, loaded firearm and misdemeanor resisting an officer on July 26, and his case was transferred to San Luis Obispo County.  Appellant was declared a ward of the court on terms and conditions of probation, with the maximum custody time of two years and four months.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

On December 31, 2024, the San Luis Obispo County District Attorney filed a petition under section 602 (DV Petition) alleging that on December 23, appellant committed a misdemeanor violation of corporal injury upon a spouse or cohabitant. (Pen. Code, § 273.5.) The DV petition further alleged that on December 29, appellant committed a second misdemeanor violation of corporal injury upon a spouse or cohabitant. (*Id.*, § 273.5.)

On January 13, 2025, the Santa Barbara County District Attorney amended the March 21, 2024 petition to add an eleventh count alleging that on March 13, appellant committed an assault with force likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)(4).)

On January 14, 2025, appellant admitted to evading an officer in October 2023, and to an assault with force likely to produce great bodily injury in March 2024. The juvenile court dismissed the remaining counts in each petition, excluding the DV petition, and ordered a Secure Youth Treatment Facility (SYTF) assessment.

On April 29, 2025, following a hearing, the juvenile court dismissed the DV Petition. The court again declared appellant a ward of the court, then ordered him committed to a SYTF for a term of two years and six months "based on the most recent offense listed in Welfare and Institutions Code 707(b)," of assault with force likely to produce great bodily injury occurring in March 2024.

Appellant filed two notices of appeal and we granted his motion to consolidate the appeals for purposes of briefing, oral argument, and disposition.

DISCUSSION

Appellant contends the juvenile court lacked authority to commit him to a SYTF because the most recent offense for which he was adjudicated was not a qualifying offense under section 707, subdivision (b). Respondent agrees, as do we.

Section 875 authorizes a juvenile court to commit a ward 14 years of age and older to a SYTF if the ward meets certain criteria, two of which are relevant here: "(1) The juvenile is adjudicated and found to be a ward of the court based on an offense listed in" section 707, subdivision (b) and "(2) The adjudication described in paragraph (1) is the most recent offense for which the juvenile has been adjudicated." (§ 875, subd. (a)(1) & (2).)

Before the enactment of section 875, our Supreme Court interpreted similar language in section 733, subdivision (c). Section 733, subdivision (c) prohibits a ward's commitment to the DJJ[2] if the ward's "most recent offense alleged in any petition and admitted or found to be true by the court is not described in" section 707, subdivision (b) or Penal Code, section 290.008, subdivision (c).[3] The court held this language "is clear and lends

_____

[2] "The DJJ is also known as the Department of Corrections and Rehabilitation, Division of Juvenile Facilities (DJF). [Citation] DJJ and DJF are used interchangeably in case law." (*In re J.B.* (2022) 75 Cal.App.5th 410, 413, fn. 1.)

[3] Section 875 was enacted as part of the Legislature's implementation of "juvenile justice realignment" which closed DJJ and transferred DJJ's responsibilities to counties. Wards who would have been committed to DJJ prior to realignment are now committed to county-based SYTFs "[t]o ensure that justice-involved youth are closer to their families and communities and

4

itself to only one reasonable interpretation." (*In re D.B.* (2014) 58 Cal.4th 941, 947.)  The phrase "'most recent'" describes when the minor committed the offense, not when the petition is adjudicated.  (*Ibid*; *In re B.J.* (2020) 49 Cal.App.5th 646, 648.)

The Legislature used language in section 875 substantially similar to language the Supreme Court had already interpreted in section 733, subdivision (c).  We presume, therefore, that the Legislature intended the same construction.  (*Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 785.)  Now, instead of DJJ, eligible youth can be committed to a SYTF if their most recent offense is described in section 707, subdivision (b).

Appellant admitted four offenses:  (1) evading an officer on October 23, 2023, assault with force likely to produce great bodily injury on March 14, 2024, carrying a concealed, loaded firearm on July 26, and misdemeanor resisting an officer on July 26.  Of those, only assault with force likely to produce great bodily harm is described in section 707, subdivision (b).  Thus, the court did not have authority to impose a SYTF commitment because appellant's most recently committed offenses, carrying a concealed, loaded firearm and misdemeanor resisting an officer, both on July 26, 2024, occurred four months after the March 14 assault, and are not qualifying offenses.  Remand is necessary to allow the court to conduct a new disposition hearing.

## DISPOSITION

The juvenile court's order committing appellant to a secure youth treatment facility is reversed and the matter is remanded for a new disposition hearing.

---

receive age-appropriate treatment."  (Stats. 2020, ch. 337, § 1, subd. (b).)  Sections 875, 875.5, and 876 govern the commitment of section 602 wards to SYTFs under the new dispositional model.

NOT TO BE PUBLISHED.


CODY, J.

We concur:


YEGAN, Acting P. J.


BALTODANO, J.

6

YEGAN, A.P.J., Concurring:

I concur under compulsion of California Supreme Court authority. (See *People v. N.S.* (2026) 120 Cal.App.5th 841 (conc. opn. of Yegan, A.P.J.).)

<u>NOT TO BE PUBLISHED.</u>

YEGAN, Acting P. J.

Hon. Matthew G. Guerrero, Judge
Superior Court County of San Luis Obispo

_____

Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and David E. Madeo, Deputy Attorney General, for Plaintiff and Respondent.