[No. B023596. Second Dist., Div. Three. Jan. 12, 1988.]

MARIANNE BERMAN, Plaintiff and Appellant, v.
CITY OF WEST HOLLYWOOD RENT STABILIZATION
DEPARTMENT et al., Defendants and Respondents.

**COUNSEL**

Martin B. Berman for Plaintiff and Appellant.

Michael Jenkins, City Attorney, Richards, Watson & Gershon and Rochelle Browne for Defendants and Respondents.

## OPINION

DANIELSON, J.—Marianne Berman (plaintiff) appeals from a judgment[1] in favor of the City of West Hollywood (the City), City of West Hollywood Rent Stabilization Department (the Department), and Adam Moos (Moos), director of that department, (collectively, defendants). Eugene R. Scholler (Scholler), plaintiff's tenant, is not a party to this appeal. We affirm the judgment.

### FACTUAL AND PROCEDURAL STATEMENT

On December 17, 1985, plaintiff filed a verified complaint seeking declaratory and injunctive relief based on the following pertinent allegations:

On June 27, 1985, the City enacted a rent control ordinance (ordinance), which was enforced by the Department and Moos. On December 7, 1985, plaintiff was served with a notice of hearing informing her that section 6412 of the ordinance (§ 6412) was being invoked against her and that at the hearing the Department would determine whether the rent of plaintiff's tenant would be lowered based on plaintiff's alleged failure to provide the tenant with certain services at apartment number 15, 1265 North Harper Avenue. Plaintiff took the contrary position that since the apartment was leased on an "as is" basis, she was not required pursuant to the rental agreement, to paint, recarpet or redrape the apartment.

On April 15, 1986, a verified first amended complaint was filed. In the first cause of action plaintiff petitioned the court for a writ of mandate (Code Civ. Proc., § 1094.5). The second cause of action sought a declaration that section 6412 was unenforcible and invalid in the absence of an agreement by the landlord with the tenant to perform the services embraced by section 6412. In addition to the above plaintiff further alleged that following a hearing on December 18, 1985, the Department's hearing examiner issued a notice of determination which ordered plaintiff to repaint the tenant's apartment or submit to a reduction in the allowable monthly rent.[2] The notice also indicated that plaintiff was obligated to install carpets and drapes, but the tenant had failed to submit the necessary proof to support

---

[1] In her briefs on appeal, plaintiff assumes that she has also appealed from the trial court's order denying her motion to tax costs. However, no notice of appeal from that ruling is found in the record on appeal, nor is there any assertion by plaintiff that she did file such a notice. (See discussion, *post,* at p. 843.)

[2] Specifically, the hearing examiner found that it had been more than four years since the apartment was last painted, that the plaster was falling apart, and that the paint was soiled, dirty, worn, blistering, and peeling.

such an order. On March 26, 1986, following a hearing, the Department denied plaintiff's appeal from the hearing examiner's determination.

On June 25, 1986, defendants answered the first amended complaint/petition by generally denying its material allegations and by asserting two affirmative defenses.

On June 30, 1986, following a hearing, the court denied the petition for a writ of mandate. In its judgment filed August 4, 1986, the court specifically found: (1) the ordinance as applied to plaintiff was constitutional and valid; (2) there was no impropriety in applying the ordinance to plaintiff; (3) substantial evidence supports the findings and decision of the Department; and (4) the supplemental evidence offered by plaintiff could not, even if received into evidence, alter the judgment.

Following a hearing on November 19, 1986, plaintiff's motion to tax costs was denied.

## CONTENTIONS

On appeal plaintiff challenges both the judgment and the order denying her motion to tax costs. She attacks the judgment on the ground that the ordinance is unconstitutional for the reasons that it constitutes a taking in violation of the Fifth Amendment, and denies her due process and equal protection as guaranteed under the Fourteenth Amendment of the United States Constitution. She also urges that the court abused its discretion by approving unreasonably excessive costs.

## DISCUSSION

I. *Constitutionality of Section 6412 of the Ordinance*

From our review of the record and the applicable law we find that the trial court did not err in denying the petition for a writ of mandate.[3] The thrust of plaintiff's position in this regard is that the government has no right to interfere with her decision not to paint the apartment. Instead, whether the apartment should be painted at the landlord's expense is a

---

[3] The record does not disclose what disposition, if any, was made of the cause of action for declaratory relief. However, at oral argument, plaintiff and defendants stipulated that this cause of action had been dismissed. Accordingly, we deem the cause of action for declaratory relief to have been dismissed and proceed to address only the cause of action for a writ of mandate, which is the essence of this appeal.

matter to be resolved solely by an agreement between the landlord and the tenant.

Plaintiff's contentions are without merit. ■ In the seminal case of *Birkenfeld* v. *City of Berkeley* (1976) 17 Cal.3d 129 [550 P.2d 1001] our Supreme Court established the now well-settled principle that a municipality is empowered to regulate rents with respect to local conditions in order to eliminate excessive rents so long as the landlord receives a just and reasonable return on the property. (*Id.* at pp. 163, 165.) Although rent control has been traditionally challenged in the context of rent increases, the power of a municipality to decrease rents as a means to effectuate its rent control policies has also been the subject of controversy.

In *Sterling* v. *Santa Monica Rent Control Bd.* (1985) 168 Cal.App.3d 176 [214 Cal.Rptr. 71] the court upheld the provisions of the Santa Monica rent control law which enabled the board to adjust the maximum rent downward based on a decrease in maintenance expenses or reduction in services. The *Sterling* court reasoned: "If no condition has changed except the decrease in maintenance expenses or reduction in services, the rent presently being charged has become excessive, returning to the landlord a higher profit than had been previously adjudged fair." (*Id.* at pp. 183-184.) Moreover, "[a]bsent a power to decrease rents in the face of a substantial deterioration of the maintenance of a rental unit or a reduction in services, a rent control board lacks the tools with which to give full weight to the interests of the renting public [in affordable and properly maintained rental housing]." (*Id.* at p. 184.) Specifically, the court found that "[a]ny and all factors indicating a decrease in operating or maintenance expenses, including a reduction in the frequency of painting or the failure to make minor repairs which were made formerly, properly may be considered." (*Id.* at p. 186.)

■ From the foregoing we conclude that the provision in section 6412 requiring the landlord to paint all rental units no less than once every four years is not unconstitutional as applied to plaintiff.[4] We find the provision in this instance, instead, to be a proper, rational means to implement the valid purpose of effectuating affordable, well-maintained rental housing units available to the public.[5] In the present case plaintiff was allowed the choice

---

[4] Section 6412, which is entitled "Maintenance Standards," provides in pertinent part: "A. All rental units, at a minimum shall be: [¶] 1. Painted no less than once every four (4) years; [¶] 2. Provided with new draperies (or other window coverings) and carpet of comparable quality (if such amenities were provided in the unit on or after April 30, 1984) once every seven (7) years . . . ." Although plaintiff was originally notified that she had failed to comply with all three conditions above, she was in fact found to have violated only the first.

[5] The ordinance incorporated the City Council's specific findings that there presently existed a critical shortage of rental housing in the City of West Hollywood, which rendered it

of a rent decrease or painting the apartment. She chose to paint the apartment. We find no legal import in the fact that the board imposed these alternative conditions. It is clear that requiring plaintiff to paint the apartment directly furthers the proper goal of perpetuating well-maintained rental units while a rent decrease is an indirect incentive.

## II.  *Order Denying the Motion to Tax Costs*

Judgment was made and filed on August 14, 1986. Notice of appeal from that judgment was filed on October 3, 1986. The motion to tax costs was argued and denied on November 19, 1986, after the judgment had been entered. Accordingly, the order denying the motion was appealable. (*Hennessy* v. *Sup. Ct.* (1924) 194 Cal. 368, 372 [228 P. 862]; Code Civ. Proc., § 904.1, subd (b); see also, *Markart* v. *Zeimer* (1925) 74 Cal.App. 152, 155-157 [239 P. 856].) However, no appeal has been filed from that order, and the time for filing such an appeal has long since lapsed. (See, e.g., Cal. Rules of Court, rule 2.) Since the filing of a timely notice of appeal from the order is jurisdictional, we cannot deem the appeal from the judgment to encompass that order. (See *MacLeod* v. *Tribune Publishing Co.* (1958) 157 Cal.App.2d 665, 669 [321 P.2d 881].) We are therefore unable to address plaintiff's contentions on the merits and must, instead, dismiss her purported appeal from that order.

### DECISION

The judgment is affirmed. The purported appeal from the order denying plaintiff's motion to tax costs is dismissed.

Klein, P. J., and Arabian, J., concurred.

A petition for a rehearing was denied February 4, 1988, and appellant's petition for review by the Supreme Court was denied March 23, 1988.

---

"very difficult to find adequate, safe and decent rental housing" at reasonable rates and caused rents to increase at an excessive rate. Moreover, "[a]s a result of the shortage of moderately priced rental space, freedom of contract and the ability of tenants to bargain in the setting of rents has become an illusory concept." Plaintiff has not attacked these findings as unsubstantiated or otherwise invalid. (See *Berman* v. *Downing* (1986) 184 Cal.App.3d Supp. 1, 4 [229 Cal.Rptr. 660].)