Filed 8/30/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| NADEJDA L. ROZANOVA, | H047985 |
| Plaintiff and Appellant, | (Monterey County Super. Ct. No. 19CV001593) |
| v. | |
| RAFAEL URIBE et al., | |
| Defendants and Respondents. | |

Appellant Nadejda Rozanova appeals from a postjudgment order on a motion to tax costs. Rozanova contends the trial court erred by refusing to tax costs for items she claims are neither expressly authorized by statute nor allowable under the statute's discretionary provisions. (See Code of Civ. Proc., § 1033.5, subds. (a), (c)(2), (4).)[1] Among other claims, Rozanova disputes costs incurred for exhibit photocopies submitted in support of a vexatious litigant motion. We decide that these costs are recoverable outside the context of trial under section 1033.5, subsivision (a)(13), which states that recovery of costs of "photocopies of exhibits . . . may be allowed if they were reasonably helpful to aid the trier of fact." We therefore affirm the postjudgment order.

---

[1] Unspecified statutory references are to the Code of Civil Procedure.

## I. FACTS AND PROCEDURAL BACKGROUND[2]

This action arises out of an ongoing property dispute among neighbors. Rozanova, who is self-represented, filed suit against her neighbors Rafael Uribe and Rosa Curayag (together, respondents) in April 2019. Rozanova had previously asserted claims against Uribe involving the same property in an action filed in 2013. A panel of this court upheld the trial court's determination in favor of Uribe in an unpublished opinion filed in 2018. (*Rozanova et al. v. Uribe* [Oct. 16, 2018, H044161] [nonpub. opn.].)

Shortly after the filing of the April 2019 lawsuit, respondents moved to have Rozanova declared a vexatious litigant and to require her to post bond or dismiss the action against them. The trial court denied the motion without prejudice. Respondents thereafter filed dispositive motions on the operative pleadings. Uribe, who had filed an answer, moved for judgment on the pleadings, and Curayag demurred to the first amended complaint. After a hearing, the trial court granted the motion for judgment on the pleadings and sustained the demurrer without leave to amend, finding the action was "barred by res judicata/collateral estoppel and the statute of limitations," and dismissed the case with prejudice. (Capitalization omitted.)

Respondents filed a memorandum of costs, seeking to recover $2,905.69 from Rozanova. The costs respondents claimed were (1) $1,080 in filing and motion fees (item No. 1 on the memorandum of costs), (2) $90 in court reporter fees (item No. 11),

---

[2] Our summary of the facts and procedural background is drawn from appellant's appendix, which contains the memorandum of costs; the motion to tax costs, and documents and declarations filed in support and in opposition to the motion; the trial court's order awarding costs, and an order issued earlier in the case on respondents' motion to deem Rozanova a vexatious litigant; a reporter's transcripts of the hearing on the motion to tax costs; and the register of actions. Furthermore, pursuant to California Rules of Court, rule 8.155(a), this court on its own motion orders the record augmented to include the trial court's minute order of October 18, 2019, two orders filed that same day on the respondents' respective dispositive motions, as discussed herein, and the related notices of entry of order for the October 18, 2019 orders.

(3) $1,253.04 for preparing photocopies of exhibits (item No. 12), and (4) $482.65 in electronic filing or service fees (item No. 14).

Rozanova filed a motion to strike or tax costs. Rozanova contended that respondents sought costs that were "not allowable . . . and/or [] not necessary or reasonable under Code of Civil Procedure section 1033.5."

Rozanova asserted, as to the filing and motion fees, that respondents had not shown the motions filed were "necessary to the conduct of the litigation" as required under section 1033.5, subdivision (c)(2). Specifically, she argued it was "overkill" and unnecessary for respondents to file both a motion for judgment on the pleadings and a demurrer. Rozanova later additionally asserted, in objecting to the trial court's order, that the motions to declare Rozanova a vexatious litigant and for a protective order to restrict discovery were not necessary to the litigation.

Rozanova further asserted that the amount claimed in photocopying exhibits was not reasonable under section 1033.5, subdivision (c)(3), and that recovery for photocopies "is limited to trial exhibits" under section 1033.5, subdivision (a)(13) and case authority. Rozanova argued that no costs could be claimed for photocopying on that basis, since the exhibits were not used at trial. Rozanova also challenged the basis for the court reporter fees and the reasonableness of the electronic filing or service fees.

In response, respondents' counsel filed a declaration that explained each of the items included in the memorandum of costs and attached documentation. The requested costs for filing and motion fees consisted of filing fees for the answer, the demurrer, the vexatious litigant motion, the motion for judgment on the pleadings, and a motion for protective order restricting discovery. The photocopying costs were corrected to reflect a $10 clerical error. With respect to the vexatious litigation motion, respondents sought to recover $1,243.04 in costs for photocopying the requests for judicial notice and for obtaining certified copies of California Supreme Court and Sixth District Court of Appeal documents as exhibits to the motion. Respondents' counsel attested to the statutory basis

3

for the court reporter and electronic filing fees and attached verification of the costs incurred to the legal services vendor for electronic filing.

Following a hearing, the trial court issued an order on the motion to tax costs (order). The trial court reduced the amount for electronic filing and service fees but otherwise allowed the costs sought by respondents, approving a total costs award of $2,743.04.

Although the order did not state the trial court's reasons for denying Rozanova's motion to tax the categories noted above, the trial court addressed Rozanova's arguments on the record at the hearing. The trial court informed Rozanova that the filing of two dispositive motions by respondents was proper because Uribe had answered the complaint and thus could not file a demurrer like Curayag, for whom it was a first appearance. The trial court found the motions to declare Rozanova a vexatious litigant and for an order restricting discovery "were made in good faith" given the history of the case and number of filings. The trial court further found that the 2,289-page request for judicial notice (in support of the vexatious litigant motion) reflected the court files where Rozanova had litigated and was properly included as part of the motions heard by the court. Regarding the court reporter fees, the trial court stated the fees were statutorily prescribed by Government Code section 68086, subdivision (c) and therefore were allowable. As to the electronic filing fees, the trial court agreed with Rozanova that the amount charged by the legal services vendor and claimed by respondents was excessive. The trial court reduced the $482.65 request accordingly and awarded $212.65 in costs for electronic filing.

Rozanova appealed the trial court's order on her motion to tax costs.[3]

---

[3] For purposes of verifying our jurisdiction over the appeal (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126), we note that Rozanova appealed from the February 14, 2020 minute order on the hearing on the motion to tax costs, instead of from the trial court's order filed on March 18, 2020. However, the premature filing of the notice of appeal does not preclude this court's exercise of jurisdiction. Rozanova had the right to appeal

4

## II.  DISCUSSION

Rozanova contends the trial court erred in awarding nonrecoverable costs for filing and motion fees, and fees for photocopying exhibits not used at trial.  She also challenges the costs awarded for court reporter and electronic filing fees.  Respondents have not participated in this appeal.

### A.  Statutory Framework and Standard of Review

The right to recover costs of suit is statutory.  (*Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 71.)  Section 1032, subdivision (b) "guarantees prevailing parties in civil litigation awards of the costs expended in the litigation." (*Williams v. Chino Valley Independent Fire Dist.* (2015) 61 Cal.4th 97, 100.)  Section 1033.5 imposes limits on the recoverable costs a prevailing party may seek, listing items that are allowable and not allowable as costs under the statute.  (*Id.* at pp. 100–101; see § 1033.5, subds. (a)–(c).)  Specifically, section 1033.5, subdivision (a) specifies items that are expressly allowable as costs, and subdivision (b) lists items for which costs may not be recovered.  (§ 1033.5, subds. (a) & (b).)  Section 1033.5 further provides that costs not specifically permitted under subdivision (a) or foreclosed by subdivision (b) "may be allowed or denied in the court's discretion."  (§ 1033.5, subd. (c)(4).)  Finally, section 1033.5 requires that the costs awarded, whether expressly allowed under subdivision (a) or awardable in the court's discretion under subdivision (c), must be "reasonably

from the March 18, 2020 order as an order after an appealable judgment.  (§ 904.1, subd. (a)(2); see *Berman v. City of West Hollywood Rent Stabilization Dept.* (1988) 197 Cal.App.3d 837, 842.)  We have authority to treat Rozanova's notice of appeal as if it had been timely filed. "The reviewing court may treat a notice of appeal filed after the superior court has announced its intended ruling, but before it has rendered judgment, as filed immediately after entry of judgment."  (Cal. Rules of Court, rule 8.104(d)(2).)  Under the circumstances presented, we exercise our discretion to construe Rozanova's notice of appeal liberally in favor of its sufficiency (*id.*, rule 8.100(a)(2)) and interpret it to apply to the subsequently entered order on the motion to strike or tax costs.  (See *In re Marriage of Grimes & Mou* (2020) 45 Cal.App.5th 406, 420; *Bame v. City of Del Mar* (2001) 86 Cal.App.4th 1346, 1353, fn. 5.)

necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation" (§ 1033.5, subd. (c)(2)) and also be "reasonable in amount." (*Id*. at subd. (c)(3); see *Berkeley Cement, Inc. v. Regents of University of California* (2019) 30 Cal.App.5th 1133, 1139 (*Berkeley Cement*).)

"In ruling upon a motion to tax costs, the trial court's first determination is whether the statute expressly allows the particular item and whether it appears proper on its face. 'If so, the burden is on the objecting party to show [the costs] to be unnecessary or unreasonable.' [Citation.] Where costs are not expressly allowed by the statute, the burden is on the party claiming the costs to show that the charges were reasonable and necessary." (*Foothill-De Anza Community College Dist. v. Emerich* (2007) 158 Cal.App.4th 11, 29.)

A costs award is generally reviewed on appeal for abuse of discretion. (*Berkeley Cement*, *supra*, 30 Cal.App.5th at p. 1139.) "Whether a cost item was reasonably necessary to the litigation presents a question of fact for the trial court and its decision is reviewed for abuse of discretion. [Citation.] However, because the right to costs is governed strictly by statute [citation] a court has no discretion to award costs not statutorily authorized." (*Ladas v. California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 774 (*Ladas*).) "[W]hen the issue to be determined is whether the criteria for an award of costs have been satisfied, and that issue requires statutory construction, it presents a question of law requiring de novo review." (*Berkeley Cement*, *supra*, at p. 1139.)

### B. Filing and Motion Fees

Filing and motion fees are among the items specifically enumerated as allowable costs under section 1032. (§ 1033.5, subd. (a)(1).) Rozanova challenges the award of costs under this provision, arguing that the vexatious litigant motion, motion for protective order to restrict discovery, and answer and motion for judgment on the pleadings were not reasonably necessary for the litigation. She submits that in awarding

6

costs for the vexatious litigant and protective order motions, the trial court merely found the various motions had been brought "in good faith." And she questions why both respondents could not have filed a joint demurrer rather than incurring costs for filing an answer and motion on the pleadings, as well as a demurrer.

The limited record on appeal shows that the trial court fairly considered and rejected these arguments, and substantial evidence supports its determination. As to each of the challenged items, respondents' counsel presented a declaration and evidence to establish that each of the listed fees incurred were for court filings. With respect to the vexatious litigant and protective order motions, the litigious history and number of filings (stretching back to 2013 for the first-filed action and spanning two prior appeals, one writ proceeding, and petitions for review in the California Supreme Court and United States Supreme Court) justified respondents' effort to impose restrictions upon Rozanova's initiation of another lawsuit. Although the trial court ultimately declined to grant the motions, the trial court's "good faith" finding suggests the motions were a reasonable step by respondents to limit their exposure to defending against potentially repetitive claims and filings. The motions, under the circumstances, could be considered "reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation" (§ 1033.5, subd. (c)(2)).

The procedural history of the case similarly provides substantial evidence for the trial court's award of costs for the filing of the answer, motion for judgment on the pleadings, and demurrer. California law limits the pleadings in a civil action to complaints, demurrers, answers, and cross-complaints. (§ 422.10.) A defendant may file a motion for judgment on the pleadings "only after . . . [¶] the defendant has already filed his or her answer to the complaint and the time for the defendant to demur to the complaint has expired." (§ 438, subd. (f)(2).) Thus, the trial court's finding that respondents "needed to" file two motions and the motion for judgment on the pleadings "was not an extra motion" because that respondent had already answered the complaint

7

was accurate insofar as respondent Uribe had answered the amended complaint and could not simply join respondent Curayag's demurrer.

We are unable to review the substance of respondents' filings because Rozanova has not included in her appellant's appendix any of the underlying records (such as, for example, copies of the operative complaint, Uribe's answer, Curayag's demurrer, and Uribe's motion for judgment on the pleadings). It is Rozanova's burden as the appellant "to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) Having chosen to proceed on appeal using an appendix, Rozanova was required to include any item "necessary for proper consideration of the issues" on appeal. (Cal. Rules of Court, rule 8.124(b)(1)(B).)

On the limited record before us, we conclude that substantial evidence supports the trial court's determination that the filing and motion fees—made expressly allowable by section 1033.5, subdivision (a)(1)—were also reasonably necessary to the conduct of the litigation in accordance with subdivision (c)(2). Rozanova has not shown an abuse of discretion in the trial court's award of these costs.

*C. Exhibit Photocopies*

Photocopies of exhibits are specifically enumerated as allowable costs under section 1032, but only "*if they were reasonably helpful to aid the trier of fact.*" (§ 1033.5, subd. (a)(13), italics added.) Other photocopying charges are expressly not allowable as costs. (*Id.*, subd. (b)(3).) Rozanova contends the trial court had no statutory authority to award the costs of photocopying exhibits here, even to "dispositive motion[s]" (capitalization and bolding omitted) like judgment on the pleadings, because in resolving the motion the court assumes the allegations of the complaint to be true and does not act as a " 'trier of fact' " within the meaning of section 1033.5, subdivision (a)(13). Rozanova relies on case authority limiting the recovery of exhibit-related costs to exhibits used at trial. (See, e.g., *Ladas*, *supra*, 19 Cal.App.4th at p. 775; *Seever v.*

8

*Copley Press, Inc.* (2006) 141 Cal.App.4th 1550, 1557–1560 (*Seever*).) We discuss these cases, and the issue of cost recovery for exhibits not used at trial (now pending review in the California Supreme Court), after clarifying the basis for the costs at issue here.

As an initial matter, we note some confusion in the record regarding the basis for the costs listed as "photocopies of exhibits." Rozanova's motion to tax costs identified the motion for judgment on the pleadings, which had four exhibits attached to the accompanying request for judicial notice, and the demurrer, as the apparent source of the exhibit costs. But according to the declaration submitted by respondents' counsel in opposition to the motion to tax costs, the costs were not for exhibits to the demurrer or motion for judgment on the pleadings but were for exhibits filed in support of the vexatious litigant motion. These exhibits included requests for judicial notice and certified copies of filings obtained from this court and the California Supreme Court.[4] Even so, at the hearing, the trial court continued to refer to the four exhibits to the motion for judgment on the pleadings, noting that it "didn't go to trial" but "[was] a dispositive motion that [Uribe] did file." At the same time, the trial court also discussed costs related to the exhibits for the vexatious litigant motion, stating the exhibits were "not used for trial" but were "part of motions filed by [respondents] that w[ere] heard by [the] Court." The trial court then denied Rozanova's motion to tax exhibit photocopy costs.[5]

Based on the declaration and exhibits submitted by respondents' counsel to the trial court in their opposition to tax costs, the costs at issue were not for photocopies of exhibits to any "dispositive" motions but for photocopies of exhibits to the vexatious litigant motion. Recalling that "a court has no discretion to award costs not statutorily

---

[4] Respondents' counsel's declaration in opposition to the motion to tax costs lists five items under "photocopies of exhibits" totaling $1,243.04. Each item pertains to exhibits for the vexatious litigant motion, including copies of seven requests for judicial notice, certified copies of Sixth District Court of Appeal and California Supreme Court documents, and in-house copies of exhibits for the motion.

[5] In its order, the trial court did correct a $10 computation error by respondents.

9

authorized" (*Ladas*, *supra*, 19 Cal.App.4th at p. 774), we turn to the question at hand—whether photocopies of exhibits to a vexatious litigant motion are expressly authorized for cost recovery under section 1033.5, subdivision (a)(13), expressly disallowed under subdivision (b)(3), or allowed in the trial court's discretion under subdivision (c)(4). This question of law is subject to our independent review. (See *Berkeley Cement*, *supra*, 30 Cal.App.5th at p. 1139.)

As noted, section 1033.5, subdivision (a)(13), provides that "[m]odels, the enlargements of exhibits and photocopies of exhibits, and the electronic presentation of exhibits . . . may be allowed if they were reasonably helpful to aid the trier of fact." (§ 1033.5, subd. (a)(13).) And section 1033.5, subdivision (b)(3), states that "photocopying charges, except for exhibits" are "not allowable as costs, except when expressly authorized by law." Finally, section 1033.5, subdivision (c)(4), provides that "[i]tems not mentioned in this section and items assessed upon application may be allowed or denied in the court's discretion." (§ 1033.5, subd. (c)(4).)

Our objective in construing the statute "is to ascertain and effectuate legislative intent, giving the words of the statute their usual and ordinary meaning." (*Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 783 (*Moran*).) While an "exhibit" is ordinarily understood to refer to a document or object introduced as evidence in court, it also generally refers—as the trial court here observed—to "a document attached to and made part of a pleading, motion, contract, or other instrument." (See Black's Law Dict. (11th ed. 2019) p. 719, col. 1.) Applying this common meaning, the trial court correctly noted "the request for judicial notice documents [attached to the vexatious litigant motion] would qualify" as exhibits.

The Legislature did not authorize cost recovery for *all* exhibit photocopies (and other itemized expenses related to exhibits) but only those that "were reasonably helpful to aid the trier of fact." (§ 1033.5, subd. (a)(13).) A "trier of fact" (Black's Law Dict. (11th ed. 2019) p. 1815, col. 1) or "fact-finder" is generally understood to mean a person

10

or persons "who hear testimony and review evidence to rule on a factual issue." (*Id.* at p. 737, col. 2.) Rozanova's asserts that the use of "trier of fact" in section 1033.5, subdivision (a)(13) refers only to the factfinder at trial. But her contention ignores certain distinct occasions—apart from trial—where the court functions as the trier of fact by hearing evidence and resolving factual questions.

The determination of a vexatious litigant motion constitutes one such proceeding. "When considering a motion to declare a litigant vexatious, the court must weigh the evidence to decide whether the litigant is vexatious based on the statutory criteria and whether the litigant has a reasonable probability of prevailing." (*Goodrich v. Sierra Vista Regional Medical Center* (2016) 246 Cal.App.4th 1260, 1265; accord *Golin v. Allenby* (2010) 190 Cal.App.4th 616, 635, citing *Moran*, *supra*, 40 Cal.4th at p. 786.)[6] In other words, a vexatious litigant motion is factual in nature and involves fact finding by the trial judge. (*Moran*, at pp. 782, 786.) This distinguishes it from many pretrial motions—some of which may be decided on the pleadings (like a demurrer) and others (like a summary judgment) which do not permit the trial court to weigh the evidence or inferences as would a trier of fact (see, e.g., *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 856).

---

[6] In *Moran*, the California Supreme Court addressed whether the trial court, in assessing whether a vexatious litigant has a reasonable probability of success on his or her claim under the applicable statutory scheme, weighs the evidence presented on the motion or simply assumes the truth of the plaintiff's alleged facts and decides only whether the claim is foreclosed as a matter of law. (*Moran*, *supra*, 40 Cal.4th at p. 782.) The Supreme Court held that the trial court is empowered to weigh the evidence when deciding whether to require a security. (*Ibid.*) This distinguishes a motion to have a person declared a vexatious litigant from, for example, an anti-SLAPP motion in which the trial court considers the pleadings and evidentiary submissions of the parties under section 425.16, subdivision (b)(2)) but does not "weigh the credibility or comparative probative strength of competing evidence." (*Wilson v. Parker, Covert & Shidester* (2002) 28 Cal.4th 811, 821.)

Using general tools of statutory construction, including plain language, we decide "trier of fact" as used in section 1033.5, subdivision (a)(13) is not limited to trials and may encompass qualifying proceedings like a vexatious litigant motion in which the court acts as a trier of fact. In drawing this conclusion, we recognize that reported cases applying section 1033.5, subdivision (a)(13) almost exclusively involve costs incurred in preparing exhibits for trial,[7] although it is unsettled whether costs may be recovered for trial exhibits that ultimately were not *used* at trial.

That question is currently pending review in the California Supreme Court. (*Segal v. Asics America Corp.* (2020) 50 Cal.App.5th 659 (*Segal*), review granted Sept. 30, 2020, S263569 [stating the issue to be briefed and argued is, "May a party recover costs for preparing multiple sets of trial exhibits and closing slides that were not used at trial?"].) But the cases leading to the grant of review in *Segal*, though divided as to whether trial exhibits not used at trial are recoverable, do not address the question that arises here of whether exhibits that might have been helpful to the trier of fact, albeit in non-trial proceedings, fall within the intended meaning of section 1033.5, subdivision (a)(13).[8] We therefore do not consider them as authority for the question presented here.

---

[7] Such cases include, by way of example, costs approved under section 1033.5, subdivision (a)(13) for exhibit photocopies and enlargements used at trial (e.g., *Cristler v. Express Messenger Systems, Inc.* (2009) 171 Cal.App.4th 72, 90–91; *Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 132–133) and for computerized forms of models or enlargements of exhibits used at trial (e.g., *American Airlines, Inc. v. Sheppard, Mullin, Richter & Hampton* (2002) 96 Cal.App.4th 1017, 1057; *El Dorado Meat Co. v. Yosemite Meat & Locker Service, Inc.* (2007) 150 Cal.App.4th 612, 618; *Science Applications Internat. Corp. v. Superior Court* (1995) 39 Cal.App.4th 1095, 1104 [affirming costs for graphic exhibit boards and video presented to the jury, as essentially "a computerized form of blowup or model which was apparently, in the opinion of the trial court, reasonably helpful to the trier of fact and possibly fitting within the category of 'models and blowups' " under the statute].)

[8] In *Seever*, the Court of Appeal reasoned that the statutory language "[o]n its face . . . excludes as a permissible item of costs exhibits not used at trial, which obviously could not have assisted the trier of fact." (*Seever, supra*, 141 Cal.App.4th at p. 1557; see also *Ladas, supra*, 19 Cal.App.4th at p. 775.) *Seever* parted ways with another line of

12

(*B.B. v. County of Los Angeles* (2020) 10 Cal.5th 1, 11 [" ' "cases are not authority for propositions not considered" ' "].)  We note, moreover, at least one Court of Appeal decision in which the reviewing court applied allowable costs to exhibit photocopies produced not for trial, but for mandamus review of a California Environmental Quality Act decision.  (*Coalition for Adequate Review v. City and County of San Francisco* (2014) 229 Cal.App.4th 1043, 1061 [reasoning that "an 'excerpt of record' in a mandamus action can qualify as a photocopy of an exhibit under Code of Civil Procedure section 1033.5, subdivision (a)(13) (allowing costs of '[m]odels and blowups of exhibits' and 'photocopies of exhibits' if 'they were reasonably helpful to aid the trier of fact'), since it can serve the same purpose--to direct the trial court's attention to material the party maintains is especially relevant"].)

In the absence of any contrary authority or indication of contravening statutory intent, we conclude that the plain meaning of section 1033.5, limiting "allowable" costs in pertinent part to "photocopies of exhibits, . . . if they were reasonably helpful to aid the trier of fact" (§ 1033.5, subd. (a)(13)) may support an award of costs for photocopies of

---

cases holding that even if exhibit costs are not expressly authorized under section 1033.5, subdivision (a)(13), "they still may be allowed in the trial court's discretion pursuant to subdivision (c)(4)."  (*Applegate v. St. Francis Lutheran Church* (1994) 23 Cal.App.4th 361, 363 (*Applegate*).)  But *Applegate* also dealt with costs of photographs and blueprints "made for use at trial."  (*Ibid.*; see also *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 856–857 [holding photocopying costs for exhibits prepared for use at trial were recoverable under discretionary provision of § 1033.5, subd. (c)(4)].)  *Seever*, moreover, rejected the reasoning in *Applegate*.  According to *Seever*, the discretion granted in section 1033.5, subdivision (c)(4), to award costs for items not mentioned in section 1033.5, subdivision (a)[(13)] "is simply inapplicable" (*Seever*, at p. 1560) given the Legislature's express statement of "what is allowable (exhibits used at trial that are reasonably helpful) and implicitly what is not."  (*Id.* at p. 1559.)  More recently, in *Segal*, the Court of Appeal adopted a broader view of the statutory phrase " 'reasonably helpful to the trier of fact' " as used in section 1033.5, subdivision (a)(13), to encompass more generally the preparation of trial exhibits in a manner that facilitates efficient trials, even if the items prepared were ultimately not used at trial.  (*Segal*, *supra*, 50 Cal.App.5th at p. 667, review granted.)

13

exhibits filed in support of respondents' vexatious litigant motion. There is consequently no need to examine any other statutory basis for the trial court's award of costs for these items. (Cf. *Applegate*, *supra*, 23 Cal.App.4th at pp. 363–364 [looking to section 1033.5, subdivision (c)(4) as an alternative basis to allow exhibit-related costs not authorized by section 1033.5, subdivision (a)(13)].)

Turning to the award itself, the trial court is in the best position to evaluate whether the costs incurred for the judicial notice exhibits were "reasonably helpful to aid" the trial court as the trier of fact on the vexatious litigant motion (§ 1033.5, subd. (a)(13)), as well as "reasonably necessary to the conduct of the litigation" (*id.*, subd. (c)(2)) and "reasonable in amount" (*id.*, subd. (c)(3)). We review whether a cost item meets the statutory criteria of being both reasonably necessary and reasonable in amount for abuse of discretion. (*Ladas*, *supra*, 19 Cal.App.4th at p. 774.) Here, the trial court implicitly found the exhibits were helpful and reasonable, noting at the hearing that the vexatious litigant motion was brought in good faith and that the exhibits were "not used for trial but part of motions filed by the defendant that was heard by [the] Court." Based on the record of proceedings not only in this case but in Rozanova's prior case against Uribe, Rozanova has not demonstrated an abuse of discretion in the court's assessment of reasonableness and necessity.

In sum, we conclude that the plain language of section 1033.5, subdivision (a)(13) permitted the award of $1,243.04 in costs for photocopies of exhibits to the vexatious litigant motion in this case. Furthermore, the award was adequately supported by the record and did not constitute an abuse of discretion.

### D. Court Reporter and E-Filing Fees

Rozanova also challenges the "[c]ourt reporter fee as established by statute" and "e-fil[]ing fees" related to any motions filed other than the demurrer. Rozanova does not support these assertions of error with any citation to the relevant statutory or case authorities. She contends that because only the demurrer was reasonably necessary to

14

win the litigation, the court reporter fee and e-filing fee must be limited to that single motion. However, as we discussed *ante* (part II.B.) in relation to filing and motion fees, substantial evidence in the record and the procedural history of the case support the trial court's determination that the motions and filings of respondents in this case were reasonably necessary to the litigation. Consequently, the trial court did not abuse its discretion in awarding those court reporter and electronic filing fees—both of which are expressly allowed. (§ 1033.5, subds. (a)(11), (a)(14).)

### III. DISPOSITION

The March 18, 2020 postjudgment order is affirmed.

_____
Danner, J.

WE CONCUR:



_____
Greenwood, P.J.




_____
Grover, J.




**H047985**
***Rozanova v. Uribe, et al.***

Trial Court:     County of Monterey case No. 19CV001593

Trial Judge:   Hon. Marla O. Anderson

Nadejda Rozanova, in pro. per., for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

**H047985**
*Rozanova v. Uribe, et al.*