Filed 2/23/24  P. v. Ward CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSEPH MATTHEW WARD,<br><br>    Defendant and Appellant. | F086207<br><br>(Super. Ct. No. F18905084)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Kristi C. Kapetan, Judge.

Mi Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Jeffrey D. Firestone, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

This case was previously before us on appeal from defendant Joseph Matthew Ward's judgment of conviction for multiple crimes.[1]  Although otherwise affirming the judgment, we remanded for resentencing due to two unauthorized sentences.  On remand, the trial court corrected the unauthorized sentence issues while resentencing defendant on all counts.  Defendant now appeals the judgment imposed at resentencing and argues the trial court did not conduct a full resentencing and failed to order a supplemental probation report that included updated information about defendant's postconviction conduct.  Defendant also requests we reconsider our determination in the prior appeal that Penal Code section 667.61, subdivision (h) (section 667.61(h))[2] precludes staying the execution of sentence under section 654 for offenses subject to punishment under the "One Strike" law (§ 667.61), a request the People join in light of new authority on this issue.

For the reasons discussed *post*, we conclude a full resentencing is required.  The trial court may exercise its discretion to order a supplemental probation report that includes updated information about defendant's postconviction conduct.  In light of new authority, and in view of the fact the case must be remanded for resentencing on a different ground, we conclude section 667.61(h) does not preclude a stay of sentence under section 654 for offenses committed by a person who is subject to punishment under the One Strike law.

---

[1]     *People v. Ward* (Dec. 23, 2022, F082046) [nonpub. opn.] (*Ward I*).

[2]     Further statutory references are to the Penal Code.

2.

# FACTUAL SUMMARY

## I. Basic Underlying Facts[3]

A full version of the underlying facts is not relevant to the sentencing issues on appeal, and an abbreviated summary of the facts drawn from our initial opinion in *Ward I* is as follows. After brandishing a knife and forcing his way into a private residence, defendant twice sexually assaulted a woman (M.) inside the home where she was working as a nanny for a young child; defendant stole several items inside the home; and then he forced M. and the child into M.'s car and drove them to an automatic teller machine (ATM) where he demanded M. obtain money for him from her bank account. Once out of the car with the child, M. withdrew money from the ATM, threw it towards defendant who was sitting inside the car, and ran away—escaping with the child; defendant drove off with M.'s car. Defendant was later arrested and charged with multiple crimes arising from these events.

## II. Procedural History

A jury convicted defendant of two counts of sexual penetration by force (§ 289, subd. (a)(1)(A); counts 1–2), two counts of assault to commit sexual penetration by force in the commission of a burglary (§§ 220, subd. (b), 460, subd. (a); counts 3–4); first degree residential burglary (§§ 459, 460, subd. (a); count 5); first degree robbery (§§ 211, 212.5, subd. (a); count 6); criminal threats (§ 422; count 7); assault with a deadly weapon, a knife (§ 245, subd. (a)(1); count 8); kidnapping for the purpose of carjacking (§ 209.5, subd. (a); count 9); kidnapping to commit a robbery (§§ 209, subd. (b)(1), 211; count 10); first degree ATM robbery (§ 211; count 11); and child abuse (§ 273a, subd. (a); count 12).

---

[3] On August 14, 2023, defendant's request for judicial notice of the record on appeal and the briefing in *Ward I* was granted.

The jury also found true all special allegations, including that counts 1 and 2 involved aggravating circumstances within the meaning of the One Strike law (§ 667.61), and were subject to punishment under section 667.61, subdivision (a); that another person who was not an accomplice was present during the first degree residential burglary, causing count 5 to be a violent felony (§ 667.5, subd. (c)(21)); that defendant used a deadly weapon with respect to counts 1 through 4, causing those offenses to be serious felonies within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d), 1192.7, subd. (c)(23)); that defendant personally used a deadly weapon within the meaning of section 12022.3, subdivision (a) (counts 1–4); and that defendant used a deadly and dangerous weapon within the meaning of section 12022, subdivision (b)(1) (counts 6, 7, 9–12).

Based on two prior strike convictions found true by the jury in a bifurcated proceeding, defendant was sentenced in November 2020 as a third-strike offender under the Three Strikes law. (§ 667, subd. (e)(2).) The court imposed five years determinate for the one-year enhancement allegation found true on counts 6, 7, 9, 10 and 12 under section 12022, subdivision (b)(1), followed by two consecutive terms of 75 years to life for counts 1 and 2 (§ 667, subd. (e)(2)(A)(i)), followed by two consecutive life terms with the possibility of parole for counts 9 and 10 (§§ 209.5, subd. (a), 209, subd. (b)(1)), followed by four consecutive terms of 25 years to life for counts 6, 7, 8 and 12 under the Three Strikes law. Execution of the terms imposed on counts 3, 4 and 5 were stayed, as were the section 12022.3, subdivision (a), enhancements imposed on counts 1, 2, 3 and 4. During the oral pronouncement, no sentence was imposed on count 11 (first degree ATM robbery), although the minute order following the sentencing hearing and the abstract of judgment both indicated the imposition of a consecutive term of 25 years to life had been

imposed on count 11 pursuant to section 667, subdivision (e)(2)(A)(ii), and enhanced by one year under section 12022, subdivision (b)(1).[4]  Defendant timely appealed.

### A.     Resentencing Ordered Upon Appeal

In our original decision in *Ward I*, we explained counts 10 and 11 involved an indivisible course of conduct and were committed pursuant to the same intent and objective:  to rob the victim at the ATM.  We explained defendant could not be punished for *both* convictions under section 654; rather, the trial court was required to impose and stay execution of sentence on *either* count 10 *or* count 11, and the failure to do so resulted in an unauthorized sentence.  Moreover, we explained that sentence inadvertently had not been imposed on count 11, resulting in another unauthorized sentence.  Remand for resentencing was required so that, at a minimum, the trial court could impose a sentence on count 11, and elect which punishment to stay (either that on count 10 or count 11) under section 654.

Defendant also argued that due to Assembly Bill No. 518 (2021–2022 Reg. Sess.) (Assembly Bill 518), the trial court had new discretion under amended section 654 to elect whether to stay the greater punishments on counts 1 and 2 rather than stay the lesser punishments on counts 3 and 4.  Relying on *People v. Caparaz* (2022) 80 Cal.App.5th 669 (*Caparaz*), then the only published authority addressing this issue, the People argued the punishments imposed on counts 1 and 2 were mandated under section 667.61(h) of the One Strike law, and could not be stayed regardless of the amendments to section 654.  In reply, defendant argued *Caparaz* was wrongly decided, and noted that section 667.61(h) does not expressly preclude application of section 654.  We agreed with the People, applied the reasoning in *Caparaz* and held that section 667.61(h) precludes

---

[4]     During the oral pronouncement of judgment, the trial court calculated an aggregate total sentence that included another term of 25 years to life, plus one year under section 12022, subdivision (b)(1), apparently on count 11, although no sentence on count 11 was actually imposed.

application of section 654 to offenses committed by a person subject to punishment under the One Strike law.  As such, we concluded the trial court had no discretion to stay counts 1 and 2 under amended section 654.

### B.      Resentencing After Remittitur

After remittitur issued, a resentencing hearing was held on May 1, 2023.  At that time, *Caparaz* was binding on trial courts as to whether section 667.61(h) precluded the application of section 654 to offenses subject to punishment under the One Strike law.[5] The trial court imposed sentence on count 11 and elected to stay the punishment under section 654.  In all other respects, the court imposed the same sentence it had in November 2020.  Defendant appeals the judgment imposed at resentencing.

## DISCUSSION

## I.      Full Resentencing is Required

### A.      Unauthorized Sentences on Counts 3, 4, 9 and 10

At our request, the parties filed supplemental briefs, and agreed the sentences imposed on counts 3, 4, 9 and 10 are unauthorized.

Defendant was convicted of, among other offenses, two counts of assault to commit sexual penetration by force in the commission of a burglary (§§ 220, subd. (b), 460, subd. (a); counts 3–4); kidnapping for the purpose of carjacking (§ 209.5, subd. (a); count 9); and kidnapping to commit a robbery (§§ 209, subd. (b)(1), 211; count 10).

---

[5]      On January 26, 2023, a different panel of this court issued a published decision in *People v. Bolanos* (2023) 87 Cal.App.5th 1069, 1085–1086, review granted April 12, 2023, S278803, and relied on *Caparaz* to hold section 667.61(h) precludes a stay of sentence under section 654 for offenses subject to punishment under the One Strike law.  Our Supreme Court granted review in *Bolanos* on April 12, 2023, for reasons unrelated to section 667.61(h), and *Bolanos* became citable only for its potential persuasive value.  (Cal. Rules of Court, rule 8.1105(e)(1).)  When resentencing in this case occurred on May 1, 2023, *Caparaz* was the only published Court of Appeal decision regarding the scope of section 667.61(h) and was binding on all trial courts. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455; *Sarti v. Salt Creek Ltd.* (2008) 167 Cal.App.4th 1187, 1193 [trial courts are bound by published decisions of the Court of Appeal where they have not been disapproved by the California Supreme Court and are not in conflict with another appellate court decision].)

Attached to counts 3 and 4 was an enhancement for personal use of a deadly weapon under section 12022.3, subdivision (a), which was found true by the jury. Attached to counts 9 and 10 was a deadly weapon enhancement under section 12022, subdivision (b)(1), found true by the jury.

Each of the offenses in counts 3, 4, 9 and 10 is punishable by life in prison with the possibility of parole. (§§ 220, subd. (b), 209.5, subd. (a), 209, subd. (b)(1).) As such, these offenses are categorized as violent and serious felonies within the meaning of the Three Strikes law. (§§ 667.5, subd. (c)(7) [identifying a violent felony as one punishable by death or imprisonment in the state prison for life], 1192.7, subd. (c)(7) [identifying serious felony as one punishable by imprisonment for life].) Due to the respective enhancements, the offenses are also serious felonies under section 1192.7, subdivision (c)(23). In addition, it was alleged and proven true that defendant suffered two prior strike convictions within the meaning of the Three Strikes law, and was thus subject to punishment under section 667, subdivision (e)(2)(A) (section 667(e)(2)(A)), for current violent or serious offenses. As the court did not strike any of the prior strike convictions, application of a three-strike sentence under section 667(e)(2)(A) was mandatory on these counts, and the failure to do so resulted in an unauthorized sentence. (*People v. Carmony* (2004) 33 Cal.4th 367, 377 [Three Strikes law does not offer a discretionary sentencing choice; it establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike]; see *People v. Vizcarra* (2015) 236 Cal.App.4th 422, 436 [failure to impose prior serious felony enhancement and double sentence under Three Strikes law or exercise discretion under § 1385 to strike the strike prior resulted in an unauthorized sentence].)

To calculate a three-strike sentence under section 667(e)(2)(A), the term imposed for the current felony conviction shall be an indeterminate term of life imprisonment *with a minimum term of the indeterminate sentence calculated as the greatest of* "(i) Three times the term otherwise provided as punishment for each current felony conviction

7.

subsequent to the two or more prior serious or violent felony convictions. [¶] (ii) Imprisonment in the state prison for 25 years. [¶] (iii) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046." (§ 667(e)(2)(A)(i)–(iii); accord, § 1170.12, subd. (c)(2)(A)(i)–(iii).)

Here, the indeterminate life terms required on counts 3, 4, 9 and 10 have no minimum period of parole ineligibility specified. Thus, they are subject to the seven-year minimum term of parole ineligibility under section 3046, which is used to calculate the minimum term of the indeterminate term to be imposed under section 667(e)(2)(A). (§ 3046; *People v. Jefferson* (1999) 21 Cal.4th 86, 96 [§ 3046 is a minimum term within sentence-doubling language of § 667, subd. (e)(1)]; *People v. Acosta* (2002) 29 Cal.4th 105, 118 [§ 667(e)(2)(A)(i) "requires tripling of the minimum period of parole ineligibility"]; *People v. Miranda* (2011) 192 Cal.App.4th 398, 415 [discussing Three Strikes calculations under § 667(e)(2)(A)]; *People v. Flores* (2021) 63 Cal.App.5th 368, 381 [same].)

With respect to counts 3 and 4, the trial court imposed life with the possibility of parole, plus an aggravated 10-year term for the enhancement under section 12022.3, subdivision (a), all of which were stayed, ostensibly under section 654.**6** In this case, the greatest minimum term for the indeterminate term to be imposed under section 667(e)(2)(A)(ii) is calculated as 25 years to life—not a life term with an unspecified minimum—and should have resulted in a sentence of 25 years to life plus

---

**6**     The trial court indicated these terms were stayed subject to section 667(e)(2)(A)(i), but that provision relates only to calculating the greatest minimum term for third-strike sentences, not staying the execution of a sentence.

10 years for the enhancement.[7]  (See Couzens & Bigelow, Cal. Practice Guide: California Three Strikes Sentencing (The Rutter Group 2023) § 7:3.)

The same is true as to counts 9 and 10.  The trial court imposed life with the possibility of parole on counts 9 and 10 (with no minimum term specified), plus a one-year enhancement under section 12022, subdivision (b)(1).  However, the greatest minimum term calculated for these counts is section 667(e)(2)(A)(ii)—i.e., 25 years to life, and should have resulted in a sentence of 25 years to life, plus one year for the enhancement.

These unauthorized sentences require correction.  (*People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6 [an unauthorized sentence "is subject to judicial correction whenever the error comes to the attention of the reviewing court"]; *People v. Serrato* (1973) 9 Cal.3d 753, 764, fn. omitted [unauthorized sentence "is subject to being set aside judicially and is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement"], disapproved on another ground in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1.)  In this case, addressing the unauthorized terms represents changed circumstances that require a full resentencing—i.e., the court may elect to make downward discretionary choices with respect to other terms due to the corrections of the unauthorized portions of the sentence.  (*People v. Buycks* (2018) 5 Cal.5th 857, 893; see *People v. Walker* (2021) 67 Cal.App.5th 198, 205–206 & fn. 4 [upon resentencing, trial court must apply the law in effect at the time of resentencing except where barred by prohibition against ex post facto laws].)

---

[7]    The calculation under section 667(e)(2)(A)(i) requires tripling the seven-year minimum period of parole eligibility under section 3046 for a total of 21 years; section 667(e)(2)(A)(ii) is a default 25-year minimum parole ineligibility; and the calculation for section 667(e)(2)(A)(iii) requires taking the minimum period of ineligibility (seven years) plus the 10-year enhancement for a total of 17 years.  Section 667(e)(2)(A) requires the *greatest* of these options be imposed, which is the default 25 years under section 667(e)(2)(A)(ii).

Upon resentencing, the trial court is free to reconsider all of its discretionary choices with respect to any other portions of the sentence, so long as *those choices* are not the basis for any increase to the original aggregate sentence. (*People v. Hill* (1986) 185 Cal.App.3d 831, 834 ["When a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme[] … [and] may reconsider all sentencing choices."]; *People v. Price* (1986) 184 Cal.App.3d 1405, 1413 ["If an increase in penalty has no nexus to the original illegality in the sentence, [t]he general rule applies that in California a harsher penalty may not be imposed after a successful appeal."]; *People v. Trammel* (2023) 97 Cal.App.5th 415, 427–428.)

## II. Scope of Remittitur

Defendant argues, and the People concede, the trial court did not conduct a full resentencing in May 2023, which was required by our disposition and remittitur in the first appeal, and the case should be remanded for a full resentencing.

To the extent there was some confusion about the scope of our remittitur that required resentencing, that issue is moot. As a result of the unauthorized sentences identified *ante*, full resentencing is required.

## III. Remaining Issues

### A. Supplemental Probation Report

Defendant argues the trial court failed to obtain a supplemental probation report that included updated information about defendant's postconviction conduct and other relevant mitigating factors. In light of their concession to remand for a full resentencing, the People maintain the trial court will have discretion to order a supplemental probation report that contains accurate and updated information.

As remand for resentencing is required, an order regarding a supplemental probation report is for the trial court to make in the first instance. The parties are free to present their requests and arguments regarding a supplemental probation report to the trial court.

## B.     Trial Court's Discretion Under Section 1385

In asserting the matter must be returned to the trial court for full resentencing, the parties dispute the scope of section 1385, subdivision (c)(2)(H), and whether prior strike convictions may be dismissed under that provision.  The trial court has not previously made any express determination under section 1385 as amended by Senate Bill No. 81 (2021–2022 Reg. Sess.); thus, there is no claim of error regarding section 1385 to be addressed in the context of this appeal and the parties' arguments are prospective only.[8] Upon resentencing, the parties are free to present these (and any other relevant sentencing arguments) so that they may be decided by the trial court in the first instance.

## C.     Trial Court Has Discretion to Stay Punishment on Counts 1 and 2 Under Amended Section 654

In the original appeal in *Ward I*, the parties disputed whether section 654, amended by Assembly Bill 518 *after* defendant's original sentencing in 2020, was applicable to stay sentences for offenses subject to the One Strike law under section 661.67(h).  At that time, *Caparaz, supra*, 80 Cal.App.5th 669 was the only published authority on this issue, and that court had held section 667.61(h) prohibited staying a sentence under section 654 for offenses subject to punishment under the One Strike law.  (*Caparaz, supra*, at p. 690.)

In deciding the issue, we followed the reasoning in *Caparaz* and similarly concluded section 667.61(h) prohibits staying a sentence under section 654 for an offense subject to punishment under the One Strike law.  After defendant was resentenced in May 2023, a split of authority on this issue developed when our colleagues in the Second District Court of Appeal, Division Seven, published *People v. Govan* (2023) 91 Cal.App.5th 1015 (*Govan*) and declined to follow *Caparaz*.  Due to this new authority, defendant requests that we exercise our discretion not to apply the law of the case

---

[8]     For this reason and because defendant declined to file a reply brief addressing the issue, we denied defendant's subsequent request to file a supplemental opening brief related to the trial court's discretion under section 1385.

doctrine, revisit our original decision and apply the reasoning and conclusion reached in *Govan*. The People join defendant's request.

### D. Background

Among other offenses, defendant was convicted of two counts of sexual penetration by force (§ 289, subd. (a)(1)(A); counts 1–2) and two counts of assault to commit sexual penetration by force in the commission of burglary (§§ 220, subd. (b), 460, subd. (a); counts 3–4). Counts 3 and 4 were deemed to have arisen from the same indivisible course of conduct as counts 1 and 2, and, thus, pursuant to section 654, defendant could not be punished on all four counts. (*People v. Jones* (2012) 54 Cal.4th 350, 358 [§ 654 precludes multiple punishments for a single act or omission or from an indivisible course of conduct incident to one criminal objective].)

Attached to counts 1 and 2 were One Strike allegations that ultimately subjected defendant to longer terms of imprisonment than those applicable to counts 3 and 4. When the trial court originally sentenced defendant in November 2020, section 654 provided that when an act or omission was "punishable in different ways by different provisions of law," the trial court was required to punish the defendant "under the provision that provide[d] for the longest potential term of imprisonment .…" (§ 654, former subd. (a).) The trial court correctly imposed punishment on counts 1 and 2, but imposed and then stayed execution of the punishments imposed on counts 3 and 4 under section 654.

While this case was originally pending on appeal, Assembly Bill 518 amended section 654 "to afford sentencing courts the discretion to punish the act or omission under either provision," without regard to the longest potential term of imprisonment. (*People v. Mani* (2022) 74 Cal.App.5th 343, 351.) In the original appeal, defendant argued Assembly Bill 518 operated retroactively and he was entitled to a remand so the trial court could exercise its new discretion to elect whether to stay counts 1 and 2 rather than counts 3 and 4. Although agreeing Assembly Bill 518 applied retroactively, the People

12.

argued the One Strike law, under which counts 1 and 2 were subject to punishment, prohibited application of section 654. Specifically, section 667.61(h) provides, "Notwithstanding any other law, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, a person who is subject to punishment under this section." Relying on *Caparaz*, the People argued the phrase *nor shall the execution or imposition of a sentence be suspended for* prohibited staying the execution of sentence under section 654.

Based on the plain meaning of the language in section 667.61(h), *Caparaz* construed the prohibition against suspended sentences to preclude a stay of sentence under section 654 for offenses subject to punishment under the One Strike law. (*Caparaz, supra*, 80 Cal.App.5th at p. 690.) While the defendant in *Caparaz* argued the phrase encompassed only a suspension of execution or imposition of sentence *for purposes of probation* (and not sentences suspended for *other* reasons)—an argument defendant echoed in *Ward I*—*Caparaz* pointed out such an interpretation would render section 667.61(h)'s phrase prohibiting suspended sentences meaningless because the immediately preceding clause already prohibits granting probation. (*Caparaz, supra*, at p. 689.) The defendant in *Caparaz* also argued the statute did not expressly identify section 654 and, thus, did not prohibit its application, nor did it refer to a "'stay'" of sentence that is more commonly associated with suspending execution of sentence under section 654. (*Caparaz, supra*, at p. 689.) In rejecting these arguments, the court reasoned section 667.61(h) expressly applies "'[n]otwithstanding any other law,'" which would encompass section 654, and a stay is a type of suspension such that the statute would include a stay of sentence under section 654. (*Caparaz, supra*, at p. 689; see *People v. Hicks* (1993) 6 Cal.4th 784, 791–792 [Legislature not required to cite § 654 in § 667.6, former subd. (c), in order to demonstrate an intent to override the general provisions contained in § 654].)

13.

Relying largely on relevant legislative history, *Govan* concluded section 667.61(h) does not divest the trial court of discretion under section 654 to stay execution of sentence for an offense subject to punishment under the One Strike law. (*Govan, supra*, 91 Cal.App.5th at pp. 1033–1035.) *Govan* pointed out that suspending execution or imposition of a sentence is language unique to a grant of probation, and relevant legislative history indicates the Legislature intended to prohibit probation, not the application of section 654. (*Govan, supra*, at pp. 1034–1035.)

### E.     Law of the Case Doctrine

Under the law of the case doctrine, "'the decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case.'" (*Nally v. Grace Community Church* (1988) 47 Cal.3d 278, 301.) The doctrine is a rule of procedure, not of jurisdiction. (*England v. Hospital of the Good Samaritan* (1939) 14 Cal.2d 791, 795.) "[A] court is not absolutely precluded by the law of the case from reconsidering questions decided upon a former appeal." (*Ibid.*) "Where there are exceptional circumstances, a court which is looking to a just determination of the rights of the parties to the litigation and not merely to rules of practice, may and should decide the case without regard to what has gone before." (*Ibid.*)

A mere disagreement with our prior ruling, even one aided by recent appellate decisional authority, does not establish a "'manifest misapplication of existing principles resulting in substantial injustice'" to deviate from the doctrine under the unjust decision exception. (*Searle v. Allstate Life Ins. Co.* (1985) 38 Cal.3d 425, 435.) However, we are not bound by the law of the case doctrine where, as here, reversal of the May 2023 judgment is required on another ground that was not presented to us nor considered in the prior appeal. In such a circumstance, the judicial economy basis underpinning the law of the case doctrine is "inoperative." (*Ibid.*) The fact reversal is necessary "frees" us from the compulsion the rule of law of the case might otherwise impose to follow a ruling in a

14.

prior appeal now perceived to be erroneous. (*Ibid.*) As reversal for full resentencing is required on a different ground not previously considered, the case will "not be prolonged or complicated" by divergence from the conclusions drawn in the first appeal with respect to the scope of section 667.61(h). (*Searle, supra*, at p. 435.)

### F.    Analysis

"The proper interpretation of a statute is a question of law we review de novo. [Citations.] "'""As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning.""'" [Citation.] "'[W]e look to 'the entire substance of the statute … in order to determine the scope and purpose of the provision …. [Citation.]' [Citation.] That is, we construe the words in question "'"in context, keeping in mind the nature and obvious purpose of the statute …." [Citation.]' [Citation.] We must harmonize 'the various parts of a statutory enactment … by considering the particular clause or section in the context of the statutory framework as a whole.'"'" (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)

If the language of the statute is clear and unambiguous, and the literal interpretation does not result in absurd consequences the Legislature did not intend, there is no need for judicial construction and the interpretive task is at an end: "'we presume the Legislature meant what it said, and the statute's plain meaning governs.'" (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 838; accord, *People v. Prudholme* (2023) 14 Cal.5th 961, 976.) If the language is reasonably susceptible to more than one meaning, however, we may examine extrinsic aids such as the apparent purpose of the statute, the legislative history, the canons of statutory construction, and public policy. (*Zohar, supra*, at p. 838.) "'Generally, we consult extrinsic sources, like a statute's history, to interpret a statute only when its language is ambiguous.'" (*Prudholme, supra*, at p. 976.)

### 1.    Plain Meaning of Section 667.61(h)

Section 667.61(h) provides, "Notwithstanding any other law, probation shall not be granted to, *nor shall the execution or imposition of sentence be suspended for*, a person who is subject to punishment under this section."  (Italics added.)

In interpreting the language of a statute, we are to "give the words their usual and ordinary meaning [citation], while construing them in light of the statute as a whole and the statute's purpose [citation]."  (*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 529–530.)  The provisions of the Penal Code "are to be construed according to the fair import of their terms .…"  (§ 4.)  From an ordinary-meaning perspective, by prohibiting the suspension of the execution of sentence, section 667.61(h) appears to preclude a stay of execution of sentence under section 654.  A *stay* of execution of sentence imposed under section 654 means the sentence is *suspended*, and suspending the execution of sentence describes precisely what occurs upon application of section 654.  (*People v. Deloza* (1998) 18 Cal.4th 585, 592 [§ 654 "requires the sentence for one conviction to be imposed, and the other imposed and then stayed"]; *People v. Alford* (2010) 180 Cal.App.4th 1463, 1469 [under § 654, "trial court must impose sentence on all counts, but stay execution of sentence as necessary to prevent multiple punishment"].)

Section 667.67(h)'s prohibition on suspended sentences does not explicitly extend to sentences stayed under section 654, but courts have recognized the Legislature is not required to cite section 654 to override its general provisions.  (See, e.g., *People v. Hicks, supra*, 6 Cal.4th at pp. 791–792 [Legislature not required to cite § 654 in § 667.6, former subd. (c), to demonstrate intent to override its provisions].)  Moreover, section 667.61(h)'s prohibition applies "Notwithstanding any other law .…"  In another context, this language has been held sufficient to override the application of section 654.  (*People v. Palacios* (2007) 41 Cal.4th 720, 729 ["broad and unambiguous scope of '[n]otwithstanding any other provision of law' overrides the application, if any, of section 654 to the imposition of punishment prescribed in section 12022.53,

subdivisions (b), (c) and (d)"], superseded by statute as stated in *People v. Tirado* (2022) 12 Cal.5th 688, 695–696.)

### a. Technical Meaning of Language

Nevertheless, when words or phrases acquire specialized or technical meaning, they "must be construed according to such peculiar and appropriate meaning." (§ 7, subd. 16.) Statutory references prohibiting *suspended* sentences have been recognized as terms of art employed in conjunction with a grant of probation. (*People v. Superior Court* (*Himmelsbach*) (1986) 186 Cal.App.3d 524, 536, fn. 8 (*Himmelsbach*) [while at one time staying a sentence and suspending a sentence may have been used interchangeably, they have developed into terms of art; the words "'suspension of execution' are employed in conjunction with a grant of probation" whereas "'stay of execution' is utilized where full execution of sentence is prohibited by law and must be avoided"], disapproved on another ground in *People v. Norrell* (1996) 13 Cal.4th 1, 7, fn. 3.) Indeed, the Penal Code defines probation to mean "the suspension of the imposition or execution of a sentence" (§ 1203, subd. (a)), and that is a how a grant of probation is accomplished as a procedural matter (*People v. Howard* (1997) 16 Cal.4th 1081, 1087). But section 667.61(h) clearly prohibits more than a traditional grant of probation—it expressly prohibits probation *or* the suspension of sentence. If a suspended sentence encompassed only a grant of probation, there would have been no reason to prohibit both probation and suspended sentences.

More recently, at least one court has recognized that prohibiting suspension of sentence has a technical meaning intended to prohibit probation or a functionally equivalent form of revocable release. (See *People v. Borynack* (2015) 238 Cal.App.4th 958, 965 ["phrase 'suspend execution of a sentence' is a term of art" that means probation or a functional equivalent—i.e., mandatory supervision].) For example, mandatory supervision under section 1170, subdivision (h)(5)(A)–(B), is imposed by *suspending execution* of a concluding portion of the term imposed, and that period of release from

17.

custody is supervised by the county probation officer. Similarly, a conditional sentence is defined separately from probation (§ 1203, subd. (a)), but it is procedurally ordered in the same manner—by "the suspension of the imposition or execution of a sentence" with revocable release into the community subject to conditions and without the supervision of a probation officer (*ibid*.). Understanding section 667.61(h)'s phrase "nor shall the execution or imposition of sentence be suspended for" as extending to other forms of revocable release that are not accompanied by a traditional grant of probation matches the structure of section 667.61(h) while incorporating the recognized technical meaning a *suspended* execution or imposition of sentence has acquired.

### b. Related Statutory Usages

Beyond giving effect to the technical meaning ascribed to suspended execution or imposition of sentence, we must interpret section 667.61(h)'s language in the context of related statutes, harmonizing them whenever possible. (*Mejia v. Reed* (2003) 31 Cal.4th 657, 663.) There are multiple criminal statutes with related purposes that contain language identical to section 667.61(h): section 1203, subdivision (k) ("Probation shall not be granted to, nor shall the execution of, or imposition of sentence be suspended for," a person convicted of a violent or serious felony who was on probation at the time of the current offense); section 1203.06, subdivision (a) ("probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for," a person who used firearms during the commission of enumerated serious and violent felonies); sections 1203.065, subdivision (a) and 1203.066, subdivision (a) ("probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for," persons convicted of enumerated sex offenses); section 1203.075, subdivision (a) ("probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for," persons who personally inflicted great bodily injury upon another during the commission of certain offenses); section 1203.08, subdivision (a) ("probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for," persons

18.

convicted of designated felonies who were previously convicted of at least two prior designated felonies within 10 years); and section 1203.09, subdivision (a) ("probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for," persons who committed designated crimes against elderly or disabled victims); and section 12022.53, subdivision (g) ("Notwithstanding any other law, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, a person found to come within the provisions of this section.").

These statutes' prohibition against suspended sentences has not been historically interpreted or understood to extend to a stay of sentence under section 654. (See, e.g., *People v. Luckett* (1996) 48 Cal.App.4th 1214, 1217 [applying § 654 to punishment for burglary conviction for which the defendant was ineligible for probation or a suspended sentence under § 1203.09, subd. (f)]; *People v. Barela* (1983) 145 Cal.App.3d 152, 160–161 [§ 654 may apply to the punishment of offenses listed in § 1203.06, which prohibits probation or the suspension of sentence]; *Himmelsbach, supra*, 186 Cal.App.3d at p. 536, fn. 8 [prohibiting *suspension* of execution of sentence under repealed § 12311 did not prohibit *stay* of execution of sentence under § 654].)

Indeed, if they did, these statutes would override section 654 with respect to a substantial number of offenses. For example, section 1203.06 would prohibit application of section 654 to punishment for offenses such as murder, robbery, kidnapping and burglary in the first degree, among others, where a firearm was personally used in the commission or attempted commission of the crime. With one exception,[9] we find no evidence courts have applied section 1203.06 in this manner. (See, e.g., *People v. Bui* (2011) 192 Cal.App.4th 1002, 1015 [§ 654 applied to attempted murder and robbery

---

[9] In *People v. Bradley* (1981) 115 Cal.App.3d 744, 753–754, disapproved on another ground in *People v. McDonald* (1984) 37 Cal.3d 351, 371, fn. 18), the court concluded the prohibition against probation or a suspended sentence in section 1203.06, subdivision (a), precluded application of section 654 to avoid what the court perceived to be an illogical result.

count, even though both offenses were attempted and committed with the personal use of a firearm, and trial court had applied § 654 to a first degree burglary committed with personal use of a firearm]; *People v. Barela, supra*, 145 Cal.App.3d at p. 160.) An interpretation that section 667.61(h)'s prohibition against a suspended sentence does not prohibit a stay of sentence under section 654 is consistent with how the same language in these statutes has been interpreted and applied.

Moreover, many of these statutes were in effect well before section 667.61(h), which was originally enacted in 1994. For example, the Legislature enacted section 1203.066 in 1981 to prohibit probation or the *suspension* of sentence for a number of sexual offenses committed under various circumstances. (Stats. 1981, ch. 1064, § 4, p. 4095.) Similarly, the Legislature enacted section 1203.06 in 1975 to prohibit probation or the *suspension* of sentence for offenses committed with the use of a firearm. (Stats. 1975, ch. 1004, § 2, p. 2357 ["[p]robation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any of the following persons"].) The same is true of section 1203.08 (originally enacted in 1976 as § 1203.11), which prohibits probation or the *suspension* of sentence for certain types of recidivism. (Stats. 1976, ch. 1135, § 1, p. 5052.)

By prohibiting the *suspension* of sentence under section 667.61(h) using identical language as in these earlier-enacted statutes, we presume the Legislature was aware courts had not extended the language to prohibit a stay of execution of sentence under section 654, and that it "intended to maintain a consistent body of rules." (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 199; *Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 785 [we presume Legislature intended the same interpretation to apply to related laws with identical or substantially similar language].)

In sum, when considering the technical meaning ascribed to language prohibiting *suspended* sentences, and construing it consistently with identical language in other earlier-enacted statutes, section 667.61(h)'s language does not prohibit other forms of

suspended sentences outside the revocable release context, such as a stay of sentence under section 654.

### 2. Extrinsic Sources Confirm Interpretation

To the extent there is ambiguity, or simply to buttress our construction of section 667.61(h), resort to extrinsic aids confirms the Legislature did not intend to preclude the application of section 654 under section 667.61(h). (See *In re Tobacco II Cases* (2009) 46 Cal.4th 298, 316 [although recourse to extrinsic material may be unnecessary given plain language of statute, reviewing courts may consult it for material that buttresses construction of the statutory language]; see also *Mendoza v. Fonseca McElroy Grinding Co., Inc.* (2021) 11 Cal.5th 1118, 1125 ["'If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.'"].)

### a. Legislative History

The Legislature's intent that section 667.61(h)'s prohibition have a limited and technical meaning finds support in the legislative history. As explained by *Govan*, when examining relevant legislative history underlying Senate Bill No. 26X (1993–1994 1st Ex. Sess.) (Senate Bill 26X), the Senate Committee on Judiciary's analysis explained the bill would prohibit *probation* for more sex offenses, but there was no discussion of whether sentences for sex offenders may be stayed under section 654 for multiple offenses committed through an indivisible course of conduct. (*Govan, supra,* 91 Cal.App.5th at p. 1034; Sen. Com. on Judiciary, Analysis of Sen. Bill No. 26X (1993–1994 Reg. Sess.) as amended May 4, 1994, p. 7.)

Senate Bill 26X also amended section 1203.066 to provide, "Notwithstanding Section 1203 *or any other law*, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for" any person convicted of violations of section 288 or 288.5. (Stats. 1994, 1993–1994 1st Ex. Sess., ch. 60, § 3.5, italics added.) A legislative committee analysis clarifies the "any other law" language added by Senate

Bill 26X was included to ensure *probation* would not be granted to specified sex offenders regardless of what other laws provided. (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 26X (1993–1994 Reg. Sess.) as amended May 4, 1994, p. 7 ["This bill would specify that the prohibition on granting probation takes precedence over any other law or exception."].)

Further, when section 667.61(h) was amended in 2006 to include the precursive phrase "Notwithstanding any other law," it tracked the language in section 1203.066. (Stats. 2006, ch. 337, § 33, p. 2641.) As *Govan* notes, by tracking the language of section 1203.066, "it is reasonable to read the 2006 amendment to section [667.61(h)] consistent with the 1994 legislative history of section 1203.066, subdivision (a)." (*Govan, supra*, 91 Cal.App.5th at p. 1035.) Indeed, section 667.61(h)'s prohibition on probation and suspended sentences is now a carbon copy of the language in section 1203.066, subdivision (a).

The legislative history has repeated references to how Senate Bill 26X would ensure probation ineligibility would apply to a wider range of offenders, but nothing indicates the Legislature contemplated a prohibition on probation or suspended sentences in sections 667.61(h) or 1203.066, subdivision (a), would extend beyond the revocable release context and prohibit *other* forms of suspended sentences.

### b. Purpose of the One Strike Law

Finally, we must construe a statute "with a view toward promoting rather than defeating its general purpose and the policy behind it." (*People v. Barrajas* (1998) 62 Cal.App.4th 926, 929; accord, *Commission on Peace Officer Standards & Training v. Superior Court* (2007) 42 Cal.4th 278, 290.)

The recognized purpose of the One Strike law is to increase the penalties for aggravated sex offenders, even if they do not have prior convictions. (*People v. Acosta, supra*, 29 Cal.4th at p. 127; *People v. Betts* (2020) 55 Cal.App.5th 294, 299.) As *Caparaz* notes, considered as a whole, "the One Strike law evinces the Legislature's intent to

22.

impose the greatest punishment possible for offenses covered by the law. Section 667.61, subdivision (f), for example provides that where 'the minimum number of circumstances … that are required for the punishment provided in subdivision (a), (b), (j), (*l*), or (m) to apply have been pled and proved, that circumstance or those circumstances *shall be used* as the basis for imposing the term provided in subdivision (a), (b), (j), (*l*), or (m) *whichever is greater*, rather than being used to impose the punishment authorized under any other law, *unless another law provides for a greater penalty* or the punishment under another law can be imposed in addition to the punishment provided by this section.' (Italics added.)" (*Caparaz, supra*, 80 Cal.App.5th at p. 689, fn. 27.)

We do not think this purpose is undercut by interpreting section 667.61(h)'s prohibition to apply only to sentences suspended for probation or other forms of revocable release. It is true that if section 667.61(h)'s prohibition on suspended sentences does not prohibit a stay of sentence under section 654, certain offenders may avoid the harsher punishments of the One Strike law. It is also true that if a stay of sentence under section 654 is not precluded under section 667.61(h), it creates an inconsistency: an offender who engages in conduct that constitutes a single, qualifying offense subject to punishment under the One Strike law must serve the law's harsher sentence, but an offender whose indivisible course of conduct constitutes multiple sex offenses (e.g., a One Strike offense *and* another lesser nonqualifying offense (like defendant here)) will not necessarily have to serve the harsher One Strike sentence if section 654 may be applied.

Despite these potential consequences, the trial court is not *required* to stay execution of the longest potential sentence under section 654; therefore, its application does not necessarily avoid the harsher One Strike penalties. Additionally, section 654 serves a separate purpose which, as *Govan* points out, is to prohibit punishment for two crimes arising from a single, indivisible course of conduct, which ensures that a defendant's punishment is commensurate with his culpability and that he is not punished

more than once for what is essentially one criminal act. (*Govan, supra*, 91 Cal.App.5th at p. 1034.) By not precluding a stay under section 654, section 667.61(h) leaves the trial court discretion to fashion a sentence that best achieves the separate purposes of both statutes.

Additionally, when the One Strike law was enacted in 1994, a different version of section 654 was in effect that permitted the trial court the discretion to stay the *longest* potential term, as it does currently. (Stats. 1977, ch. 165, § 11, p. 644.)[10] By electing to use the word suspended in prohibiting probation or a *suspended* sentence in section 667.61(h), the Legislature presumably knew that courts had construed prohibitions against probation and suspended sentences in other similar statutes, notably section 1203.06, as not precluding application of section 654. As such, the Legislature also presumably understood the potential consequences outlined above and elected to leave those issues to the sound discretion of the trial courts under section 654.

In light of further development in the decisional law, we are persuaded to change our position as to the scope of section 667.61(h). We conclude section 667.61(h) prohibits suspended sentences for the purpose of probation or other type of revocable release, but does not prohibit *other* forms of suspended sentences like a stay of execution of sentence under section 654.[11]

---

[10]    In 1994, section 654 then provided in relevant part, "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one .…"

[11]    Defendant's punishment on counts 1 and 2 was imposed under the Three Strikes law, calculated by reference to the punishment he was subject to under the One Strike law. (*People v. Acosta, supra*, 29 Cal.4th at pp. 123–124 [term under One Strike law is not imposed and then multiplied; rather, Three Strikes law imposes the indeterminate term and references the One Strike law to calculate the minimum term for that indeterminate sentence].) The parties make no argument whether, due to imposition of sentence under the Three Strikes law, defendant remains "a person who is subject to punishment" under the One Strike law (§ 667.61(h)), and we do not address that issue.

**DISPOSITION**

The sentence is vacated, and the matter is remanded for a full resentencing consistent with this opinion.

MEEHAN, J.

WE CONCUR:

LEVY, Acting P. J.

FRANSON, J.